# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned October 20, 2010

## IN RE: KAYLEI M.D.T.

### Appeal from the Juvenile Court for Hamilton County
### No. 234,980      Suzanne Bailey, Judge

### No. E2010-01876-COA-R3-PT - FILED OCTOBER 20, 2010

This is a termination of parental rights case. The appellee, Tennessee Department of Children's Services, has filed a motion to dismiss based upon its assertion that the Court "lacks jurisdiction to consider [the appellant's] appeal." We agree with the appellee. Accordingly, this appeal is dismissed with costs taxed to the appellant, Mark J.T.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

CHARLES D. SUSANO, JR., D. MICHAEL SWINEY, AND JOHN W. MCCLARTY, JJ.

Patricia A. Basham, East Ridge, Tennessee, for the appellant, Mark J.T.

Robert E. Cooper, Jr., Attorney General and Reporter, and Elizabeth C. Driver, Senior Counsel, General Civil Division, Nashville, Tennessee, for the appellee, Tennessee Department of Children's Services.

John Allen Brooks, Chattanooga, Tennessee, Guardian Ad Litem.

### MEMORANDUM OPINION[1]

---

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Our jurisdiction of a Tenn. R. App. P. 3 appeal as of right is dependent upon the timely filing of a notice of appeal. ***Albert v. Frye***, 145 S.W.3d 526, 528 (Tenn. 2004). In order to be timely, a notice of appeal *must* be filed with and received by the trial court clerk within 30 days of the date of entry of the judgment or order from which the appeal is taken. Tenn. R. App. P. 4(a).

The "Termination of Parental Rights and Final Decree of Complete Guardianship" from which the appellant Mark J.T. attempts to take his appeal was entered July 19, 2010. The notice of appeal was filed September 2, 2010, obviously more than 30 days from and after the date of entry of the judgment about which the appellant seeks to complain. We have no jurisdiction to hear his appeal.

The appeal of the appellant Mark J.T. is dismissed. Costs on appeal are taxed to Mark J.T. Case remanded, pursuant to applicable law, for the collection of costs assessed by the trial court.


PER CURIAM