Jack G. GASSAWAY and Arrow
Automotive Corporation,
Plaintiffs–Appellees,

v.

Edward PATTY and Marie Gassaway,
Defendants–Appellants.

Court of Appeals of Tennessee,
Eastern Section.

June 18, 1980.

Permission to Appeal Denied by Supreme
Court Sept. 2, 1980.

Hubert D. Patty, Maryville, for defend-ants–appellants.

W. Clark Meredith of Joyce, Anderson &
Meredith, Oak Ridge, for plaintiffs–appel-lees.

## OPINION

FRANKS, Judge.

The threshold issue is whether appellant timely filed a notice of appeal, as required by T.R.A.P., Rule 4.

The pertinent chronology is: judgment was entered on May 25, 1979, in the chancery court. On June 11, 1979, appellant filed a motion seeking to set aside the judgment, grant rehearing or enter judgment for defendant; the motion was overruled by order entered on July 26, 1979. Appellant filed another motion on August 9, 1979, asking the court to reconsider its decision on the prior motion and set aside the judgment and grant appellant relief and otherwise alter and amend the judgment. On September 14, 1979, the trial judge entered an order overruling and dismissing the motion filed on August 9. On September 25, 1979, notice of appeal "from judgment and motion denying rehearing thereof on September 7, 1979" was filed.

In appeals as of right, T.R.A.P., Rule 4(a), establishes the time frame for filing notice of appeal:

In an appeal as of right to the Supreme Court, Court of Appeals, or Court of Criminal Appeals the notice of appeal required by rule 3 shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from.

T.R.A.P., Rule 4(b), specifies certain post-trial motions that, if timely filed, terminate

the running of the time for filing notice of appeal:

> In a civil action if a timely motion under the Tennessee Rules of Civil Procedure is filed in the trial court by any party: (1) under rule 50.02 for judgment in accordance with a motion for a directed verdict; (2) under rule 52.02 to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (3) under rule 59.03 to alter or amend the judgment; or (4) under rule 59.01 for a new trial, the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion.

Although no technical forms of motions are required by T.R.C.P., Rule 8.05(1), appellant's motions filed on June 11 and August 9, 1979, in substance are motions for a new trial and/or motion to alter or amend the judgment. T.R.C.P., Rules 59.01 and 59.03, mandate that either "shall be filed and served within 30 days after entry of the judgment."

The time for filing notice of appeal was terminated on June 11, 1979, when appellant filed his motion. The time for filing notice of appeal began to run upon the entry of the order of July 26, 1979, overruling the motion for rehearing. The language of T.R.A.P., Rule 4(b), unmistakably mandates: "the time for appeal for all parties *shall run from the entry of the order denying a new trial . . . .*" (Emphasis supplied.)

Calculating 30 days from the entry of the order overruling the motion for a new trial on July 26, 1979, the notice of appeal filed on September 25, 1979, was untimely.

The subsequent motion filed on August 9, 1979, was not filed within 30 days of the entry of the judgment, as required by T.R.C.P., Rule 59, and, as Professor Sobieski has noted, if the motions enumerated in T.R.A.P., Rule 4(b) terminate the running of the time within which notice of appeal is to be filed, the motion must be "timely" under the Tennessee Rules of Civil Procedure.[1] The motion filed on August 9, was not timely within the meaning of T.R.A.P., Rule 4(b) and T.R.C.P., Rule 59.

In reaching this conclusion we are not unmindful of the Supreme Court's policy of liberality in resolving doubt as to the proper construction of statutes and rules regulating appeals in favor of the right of appeal. *See Saunders v. McKenzie*, 572 S.W.2d 653 (Tenn.1978). But Rule 4(b) clearly mandates that the time for appeal for all parties shall run from the entry of an order denying a new trial. The Tennessee Rules of Appellate Procedure provide procedures to be followed in order that the rights of the parties can be resolved with certainty and finality. To validate appellant's appeal would require us to disregard the express language of the rules and the result would enable parties to file repeated post–judgment motions in the trial court. The rules are designed to avoid undue delays and T.R.A.P., Rule 2, expressly prohibits appellate courts from extending the time for taking an appeal as of right since the rights of the parties remain uncertain during the time available for filing a notice of appeal. Appellant's appeal is dismissed with costs assessed against appellant and the cause remanded to the trial court.

PARROTT, P. J. (E. S.), and SANDERS, J., concur.

---

1. "These motions [to alter or amend the judgment or for a new trial] terminate the running of the time within which notice of appeal must be filed only if they are made within the time specified in the Tennessee Rules of Civil and Criminal Procedure, and only these motions have the indicated effect. The full time for filing notice of appeal commences to run and is computed from entry of an order disposing of the designated motions." John L. Sobieski, Jr., *The Procedural Details of the Proposed Tennessee Rules of Appellate Procedure*, 46 *Tenn. L.Rev.* 1, 6 (1978).