# IN THE COURT OF APPEALS OF TENNESSEE, WESTERN SECTION
## AT NASHVILLE
_____

| | | |
|---|---|---|
| | ) | |
| **TERRY J. KYTE and,** | ) | Davidson Chancery |
| **TERRY T. KING,** | ) | No. 91-3319-I |
| | ) | |
| Plaintiffs/Appellants. | ) | |
| | ) | |
| VS. | ) | C.A. NO. 01A01-9504-CH-00150 |
| | ) | |
| **TENNESSEE DEPARTMENT OF** | ) | |
| **SAFETY**, | ) | |
| | ) | |
| Defendant/Appellee. | ) | |
| | ) | |

**FILED**

**October 4, 1995**

Cecil Crowson, Jr.
Appellate Court Clerk

From the Chancery Court of Davidson County at Nashville.
**Honorable Irvin H. Kilcrease, Jr., Chancellor**

**Thomas McKinney, Jr.**, Kingsport, Tennessee
Attorney for Plaintiffs/Appellants.

**Charles W. Burson**, Attorney General and Reporter
**Jerry L. Smith**, Deputy Attorney General
Attorneys for Defendant/Appellee.

OPINION FILED:

**AFFIRMED AND DISMISSED**

**FARMER, J.**

**CRAWFORD, J.** : (Concurs)
**KOCH, J.** : (Concurs)

Appellants, Terry J. Kyte and Terry F. King, appeal from the judgment entered by the chancery court, affirming the decision of the commissioner of the Tennessee Department of Safety (Department) to grant the Department's motion for default in a contested case proceeding concerning the seizure of Appellants' property.[1]

Appellants requested a hearing before the commissioner of safety in accordance with T.C.A. § 53-11-201(c)(1).[2] The original hearing date was postponed at Appellants' request and rescheduled for May 7, 1991. The Department notified counsel for Appellants of the rescheduled hearing date by letter postmarked March 11, 1991. The letter was sent certified mail, return receipt requested. The post office first notified counsel of the letter's existence on March 13, 1991 and again on March 21, 1991. Counsel failed to retrieve the letter and it was returned to the Department on March 26, 1991, marked "unclaimed." Neither Appellants nor their counsel appeared at the scheduled hearing. The Administrative Law Judge denied the Department's motion for default, but allowed the Department to proceed with the taking of testimony, outside the presence of the ALJ, for purposes of appeal.

Upon appeal, the commissioner reversed the ALJ's decision, determining that counsel had failed to show "good cause" as to why the case should have been continued. The commissioner found that counsel had deliberately neglected to pick up his mail after notification from the post office and "after being informed by telephone by a representative of the Department that a docket containing the new hearing date would be mailed to him after he requested a continuance from the first setting, . . ." The commissioner ordered Appellants' property forfeited to the seizing agency and denied their petition for reconsideration.

Appellants sought review in chancery court, alleging, *inter alia*, that the

---

[1]The contested case proceeding was brought pursuant to the Uniform Administrative Procedures Act, T.C.A. § 4-5-101 et. seq.

[2]**Procedure in confiscation.** . . . .
(c)(1)  Any person claiming any property so seized as contraband goods may, within twenty-one (21) days after receipt of notification of seizure, file with the commissioner at Nashville a claim in writing, requesting a hearing and stating such person's interest in the articles seized.
The individual cases of the appellants were consolidated for purposes of the hearing.

commissioner's decision was arbitrary and capricious, an abuse of discretion and a denial of due rights. The chancery court upheld the decision, expressly adopting the findings of fact made by the commissioner. The court concluded as follows:

> The court finds that [Appellants'] counsel received notice of the presence of [Appellee's] letter at his local post office and simply neglected his responsibility to retrieve it from the post office after he was twice [notified] that the letter was available for pick up. The letter contained notice of the date for the hearing concerning the seizure of [Appellants'] property. Therefore, the Court concludes that there is substantial and material evidence in the record to sustain the Commissioner's order granting [Appellee's] motion for default for the [Appellants'] failure to appear at the scheduled hearing.

Appellants state the issue on appeal as follows:

> Whether it is lawfully permissible to enter a default judgment and [confiscate Appellants'] property in a seizure and forfeiture case where the petitioners demanded a hearing pursuant to T.C.A. 53-11-201 but were not given actual notice of the time, date and place of hearing.

Appellee raises the following additional issue:

> Whether the appeal in this case must be dismissed for failure of the appellants to file a timely notice of appeal pursuant to [Rule 4 T.R.A.P.].

We first consider the issue raised by Appellee as it addresses this court's jurisdiction. Rule 4(a) T.R.A.P. requires, in an appeal as of right, that a notice of appeal be filed "with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from; . . ." The trial court's judgment was entered on October 4, 1994. Appellants did not file their notice of appeal until January 4, 1995. On October 27, 1994, however, the appellants filed a "Motion for New Hearing and/or Motion for Reconsideration," denied by the trial court by order entered December 5, 1994. Rule 4(b) T.R.A.P. specifies certain post-trial motions that terminate the running of the 30 day period, if timely filed. It provides:

> In a civil action, if a timely motion under the Tennessee Rules of

Civil Procedure is filed in the trial court by any party: (1) under Rule 50.02 for judgment in accordance with a motion for a directed verdict; (2) under Rule 52.02 to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (3) under Rule 54.04(2) to assess costs; (4) under Rule 59.02 for a new trial; (5) under Rule 59.04 to alter or amend the judgment; *the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion.* (Emphasis added.)

Appellee asserts that Appellants' notice of appeal, filed approximately 90 days after the trial court's entry of judgment, is untimely because the post-trial motion was merely a "motion for reconsideration," not contemplated under Rule 4(b), and thus, insufficient to toll the 30 day filing period. Appellee cites *Gassaway v. Patty*, 604 S.W.2d 60 (Tenn. App. 1980) and *State ex rel. Metropolitan Knoxville v. City of Alcoa*, No. 03A01-9307-CH-00264 (Tenn. App. filed March 31, 1994). It appears that the courts in both these cases, however, were confronted with motions to reconsider previously filed post-trial motions. *See Gassaway*, 604 S.W.2d at 61; *State ex rel. Metropolitan Knoxville*, slip op. at 9-11. Rule 59.01 T.R.C.P. reads:

Motions to which this rule is applicable are: (1) under Rule 50.02 for judgment in accordance with a motion for a directed verdict; (2) under Rule 52.02 to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (3) under 59.02 for a new trial; or (4) under Rule 59.04 to alter or amend the judgment. These motions are the only motions contemplated in these rules for extending the time for taking steps in the regular appellate process. *Motions to reconsider any of these motions are not authorized and will not operate to extend the time for appellate proceedings.* (Emphasis added.)

The motion filed by Appellants does not seek reconsideration of any previously filed motion; it requests either the granting of a new trial or reconsideration of the judgment, which we view as a motion to alter or amend. Both these motions are included within Rules 59.01 T.R.C.P. and 4(b) T.R.A.P.

A motion for a new trial or a motion to alter or amend the judgment must be filed and served within 30 days after judgment entry. Rule 59.02 T.R.C.P.; Rule 59.04 T.R.C.P. The appellants' post-trial motion, having been filed on October 27, 1994, complies with these rules. Thus, in accordance with Rule 4(b), the time for filing the notice of appeal did not begin to run until

December 5, 1994 when the trial court entered its order denying Appellants' motion. We conclude that the notice of appeal, filed within thirty days thereof, is timely.

We now turn to the merits of this appeal. T.C.A. § 4-5-307(a) provides that, "[i]n a contested case, all parties shall be afforded an opportunity for hearing after *reasonable* notice." It is the appellants' contention that reasonable notice under the statute contemplates actual notice before their property may be forfeited and that anything less constitutes a denial of their due process rights. In this respect, Appellants argue that the appellee did not comply with the rules promulgated by the administrative procedures division, in accordance with the UAPA, regarding the service of notice. The rules,[3] as here pertinent, provide as follows:

**1360-4-1-.06 SERVICE OF NOTICE OF HEARING.**

> (1)    In any case in which a party has requested a hearing from an agency and provided the agency with an address, a copy of the notice of hearing shall, within a reasonable time before the hearing, be delivered to the party to be affected at the address provided, *by certified or registered mail, personal service, or service by the methods set forth in paragraphs (2) and (3) of this rule.* (Emphasis added.)

Paragraph (2) prescribes the service of notice in cases "in which an agency is initiating proceedings against a party by bringing charges, by attempting to take action against a license, or by other similar action . . . ." Under this paragraph, service is required no later than 30 days prior to the hearing date. Paragraph (3) provides for service of notice by mail, without the necessity of a return receipt, if the law governing the agency includes a statute allowing for such and there is, likewise, a statute requiring the person to keep the agency informed of his or her current address. Paragraph (3) lists certain factors to be considered when a motion for default is made against a party being noticed pursuant to this paragraph who fails to receive "actual service." These factors include: whether any other attempts at actual service were made; whether and to what extent actual service is practicable; what attempts were made to get in contact with the party by telephone and otherwise; and whether the agency has actual knowledge or reason to know that the party may

---

[3]The rules are formally identified as the "Uniform Rules of Procedure for Hearing Contested Cases before State Administrative Agencies."

be located elsewhere than the address to which the notice was mailed.

As we interpret the foregoing rule, service of notice may be accomplished by certified or registered mail. If a return receipt is not required, however, the enumerated factors in paragraph (3) are to be considered when ruling on a motion for default.

Appellants do not contend that the appellee failed to mail a notice of the scheduled hearing date by certified mail to counsel. Nor do they dispute the failure of counsel to retrieve the letter. Moreover, the findings made by the commissioner to this effect were concurred in by the chancellor and are conclusive upon this Court. *See CF Industries v. Tennessee Pub. Serv. Comm'n*, 599 S.W.2d 536, 540 (Tenn. 1980).

We review the commissioner's decision, as did the trial court, in accordance with T.C.A. § 4-5-322(h), providing:

> The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if the rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions or decisions are:
> (1) In violation of constitutional or statutory provisions;
> (2) In excess of the statutory authority of the agency;
> (3) Made upon unlawful procedure;
> (4) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
> (5) Unsupported by evidence which is both substantial and material in the light of the entire record.

We find none of the proposed violations in the record before us and conclude that the chancery court was correct in affirming the decision of the commissioner to grant Appellee's motion for default.

The judgment of the trial court is affirmed and this cause dismissed. Costs are taxed to Terry J. Kyte and Terry F. King, for which execution may issue if necessary.

_____
FARMER, J.

_____

CRAWFORD, J. (Concurs)


_____

KOCH, J. (Concurs)