# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE
June 2004 Session

## TOM ALBERT, ET AL.  v.  PAT FRYE, ET AL.

**Appeal by permission from the Court of Appeals, Middle Section**
**Circuit Court for Robertson County**
**No. 9571      Hon. Ross H. Hicks, Judge**

---

**No. M2003-00883-SC-R11-CV - Filed August 20, 2004**

---

The issue in this case is whether the defendant's notice of appeal was timely filed.  The Court of Appeals held that it was not.  We disagree.  Under Tennessee Rule of Civil Procedure 59.04, the thirty-day time limit for filing a notice of appeal was tolled until the trial court issued its decision on the defendant's post-trial motion to alter or amend.  Therefore, we reverse the decision of the Court of Appeals and remand the case to the Court of Appeals to consider the merits of the defendant's appeal.

**Tenn. R. App. P. 11; Judgment of the Court of Appeals is Reversed;**
**Remanded to the Court of Appeals**

WILLIAM M. BARKER, J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J., and E. RILEY ANDERSON, ADOLPHO A. BIRCH, Jr., and JANICE M. HOLDER, JJ. joined.

Randle W. Hill, Jr., Hermitage, Tennessee, and Joseph V. Ferrelli, Nashville, Tennessee, for the appellant, Vernon W. Frye.

Joe M. Haynes, Goodlettsville, Tennessee, for the appellees, Tom Albert, Hazel Albert, and Alcar Associates, LLC.

## OPINION

## BACKGROUND

Tom Albert, Hazel Albert, and Alcar Associates, LLC ("Plaintiffs") filed a complaint for breach of contract against Vernon Frye and Pat Frye.  The complaint alleged that the Fryes failed to pay the purchase price on a business that they had purchased from Plaintiffs.  The trial court

dismissed the complaint against Vernon Frye on November 14, 2002. The trial court awarded a judgment against Pat Frye in the amount of $65,680.75 plus interest.[1]

On November 20, 2002, Plaintiffs filed a Tennessee Rule of Civil Procedure 59.04 motion to alter or amend the judgment dismissing Vernon Frye from the case. The trial court granted Plaintiffs' motion by order dated January 21, 2003, awarding a judgment to Plaintiffs against Vernon Frye in the amount of $65,000.00 plus interest.

On January 21, 2003, the day the judgment was entered against him, Vernon Frye filed a Tennessee Rule of Civil Procedure 59.04 motion to alter or amend the court's judgment. The trial court denied Mr. Frye's motion on March 13, 2003. On April 7, 2003, Mr. Frye filed a notice of appeal.

On May 13, 2003, Plaintiffs filed a motion to dismiss for failure to file a timely notice of appeal. Mr. Frye did not file a response. On May 29, 2003, the Tennessee Court of Appeals for the Middle Section dismissed Mr. Frye's appeal as untimely. The court held that the time to appeal had begun to run on January 21, 2003 and was not tolled by Mr. Frye's Rule 59.04 motion. On June 27, 2003, Mr. Frye filed a petition to reconsider, which the Court of Appeals dismissed as untimely. We granted Mr. Frye's application for permission to appeal.

## ANALYSIS

Tennessee Rule of Appellate Procedure 3(a) provides that "[i]n civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right." Appeals as of right are initiated by filing a notice of appeal with the clerk of the trial court. Tenn. R. App. P. 3(e). The notice of appeal must "be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from." Tenn. R. App. P. 4(a).

The thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional in civil cases. Binkley v. Medling, 117 S.W.3d 252, 255 (Tenn. 2003). However, certain post-trial motions, such as a motion to alter or amend pursuant to Tennessee Rule of Civil Procedure 59.04, if timely filed, toll commencement of the thirty-day period until an order granting or denying the motion is entered. Tenn. R. App. P. 4(b); Binkley, 117 S.W.3d at 255.

Mr. Frye argues that the thirty-day time limit for filing a notice of appeal was tolled under Tennessee Rule of Appellate Procedure 4(b) when Mr. Frye filed his motion on January 21, 2003 to alter or amend the trial court's judgment. Plaintiffs rely upon the language in Rule 4(b) that states that "the time for appeal for *all parties* shall run from the entry of the order" granting or denying a Rule 59.04 motion. Tenn. R. App. P. 4(b) (emphasis added). This language in Rule 4(b), as

---

[1] It is unclear when this order was entered, as the filed copy of the order is not before this Court.

interpreted in <u>Gassaway v. Patty</u>, 604 S.W.2d 60 (Tenn. Ct. App. 1980), provided the basis for the Court of Appeal's decision to deny Mr. Frye's notice of appeal as untimely.

In <u>Gassaway</u>, the Court of Appeals held that the thirty-day time limit for filing the appeal was not tolled where one party was filing post-trial motions in a serial manner in an attempt to extend the time to appeal. 604 S.W.2d at 61. However, unlike the appellant in <u>Gassaway</u>, Mr. Frye did not file successive post-trial motions. Rather, Plaintiffs filed the first post-trial motion to alter or amend, and then Mr. Frye filed his motion to alter or amend after the court ruled on Plaintiffs' motion. In fact, January 21, 2003 was the first opportunity that Mr. Frye had to file a motion to alter or amend because it was at that time when the trial court first entered a judgment for monetary damages against him. Therefore, the thirty-day time limit applicable to the filing of Mr. Frye's notice of appeal did not begin to run until the trial court denied his motion to alter or amend on March 13, 2003.[2]

Because the notice of appeal was filed within thirty days of March 13, 2003, the appeal was timely.

## CONCLUSION

Under Rule 59.04 of the Tennessee Rules of Civil Procedure, Mr. Frye's motion to alter or amend, filed January 21, 2003, tolled the thirty-day time limit for filing a notice of appeal until the trial court denied his motion to alter or amend on March 13, 2003. Because Mr. Frye's notice of appeal, filed on April 7, 2003, was filed within the thirty-day time limit, his appeal was timely. We remand the case to the Court of Appeals to consider the substance of Mr. Frye's appeal.

Costs of this appeal are assessed to Tom Albert, Hazel Albert and Alcar Associates, LLC, and their sureties, for which execution may issue if necessary.

_____
WILLIAM M. BARKER, JUSTICE

---

[2] In two similar, but unreported cases, the Court of Appeals found that while Tennessee Rule of Civil Procedure 59.01 prevents the same party from filing successive post-trial motions, it does not prevent a party from filing a Rule 59.04 motion to alter or amend a judgment that has been changed in response to another party's Rule 59 motion. <u>Savage v. Hildenbrandt</u>, No. 1999-00630-COA-R3-CV (Tenn. Ct. App. Sept. 6, 2001); <u>Brenneman v. Brenneman</u>, No. M2000-00890-COA-R3-CV (Tenn. Ct. App. May 23, 2001).