IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 18, 2011

**MASTON G. LYONS, III ET AL. v. KIMBERLY G. LEFFEW ET AL.**

**Appeal from the Chancery Court for Sequatchie County**
**No. 2141      Howell N. Peoples, Chancellor**

---

**No. M2010-00645-COA-R3-CV - Filed May 17, 2011**

---

Plaintiffs appeal from the denial of a second Tenn. R. Civ. P. 60.02 motion. Eight months after the case was dismissed for failure to prosecute, Plaintiffs filed the first of two Rule 60.02 motions alleging they did not receive notice of the motion to dismiss their case and that they did not receive the order dismissing the case. The trial court denied the first Rule 60.02 motion and plaintiffs did not appeal that ruling. Plaintiffs then filed a second Rule 60.02 motion, asserting the same grounds as in the first motion. The trial court denied the second Rule 60.02 motion, which is the ruling at issue in this appeal. We have determined the issues presented in the second motion are *res judicata* because no new issues were presented in the second motion and, therefore, affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the Court, in which ANDY D. BENNETT and RICHARD H. DINKINS, JJ., joined.

Maston G. Lyons, III and Linda C. Lyons, Hixson, Tennessee, Pro Se.

Robert D. Philyaw, Signal Mountain, Tennessee, for the appellees, Kimberly G. Leffew and Keith H. Grant.

L. Thomas Austin, M. Keith Davis, and Jennifer Austin Mitchell, Dunlap, Tennessee, for the appellees, L. Thomas Austin, Jennifer Austin Mitchell, Sequatchie County, Tennessee, Ronnie Hitchcock, Ed Dishman, Thomas C. Goins, Mary S. McBee, and Keith Davis.

**OPINION**

This appeal arises from a most contentious failed real estate transaction between the plaintiffs, Maston Lyons and Linda Lyons, and one of the defendants, Kimberly Leffew.

Maston and Linda Lyons filed this action against two defendants, Kimberly Leffew and Keith Grant,[1] on July 25, 2006, in the Chancery Court for Hamilton County. The complaint stated claims of breach of a real estate contract, fraud, and unjust enrichment, and the Lyons contended that they had a real estate contract to purchase land owned by Kimberly Leffew, which was located at 432 Family Drive, Dunlap, Sequatchie County, Tennessee, that Leffew failed to close on the sale of the home, and that Leffew misrepresented having marketable title to the property.

Grant and Leffew each filed motions to dismiss for improper venue as the real estate at issue was not in Hamilton County. The Chancery Court for Hamilton County denied the motions to dismiss, but transferred the action to the Chancery Court for Sequatchie County where the real estate is located.

Grant filed an answer on October 18, 2006. One week later, Leffew filed an answer and a counter-complaint against the Lyons for breach of contract, damage to property, and misrepresentation.

On December 14, 2006, the chancellor in Sequatchie County recused himself and another chancellor was assigned to the case. There were no further proceedings or motions filed until June 30, 2008, when defendants Grant and Leffew each filed motions asking the court to dismiss the case for the failure of the Lyons to prosecute the action.[2] The motions were heard on July 28, 2008; however, the Lyons, who were *pro se*, did not appear at the hearing. A Final Order was entered on August 11, 2008, which stated, in pertinent part, "the Motions for Judgment are granted as to each Defendant and any purported lien filed by Plaintiffs on Defendant Leffew's property shall be removed. . . ." No appeal was filed.

On March 11, 2009, apparently unaware of the entry of the August 11, 2008 order, the Lyons filed two motions. The first motion was for joinder of additional persons the Lyons claimed were necessary for "a just adjudication." They sought to add eleven defendants, L. Thomas Austin, General Sessions Judge of Sequatchie County and Individually; Jennifer Austin Mitchell, County Attorney for Sequatchie County and Individually; Ronnie Hitchcock, Sheriff of Sequatchie County and Individually; Ed Dishman, Deputy Sheriff of

---

[1]In the Complaint, the Lyons alleged that Keith Grant, an attorney, served as "an agent" for Kimberly Leffew and that he encouraged the Lyons to purchase her property. They also alleged, *inter alia*, that Grant failed to provide documents required for closing.

[2]The motions were essentially identical. Each motion was titled "Motion for Judgment on the Pleadings." In each motion the defendants stated that the motion was filed "pursuant to Tennessee Rules of Civil Procedure 12.03," and that the case should be dismissed because: "The Plaintiffs have apparently opted to forego litigating this matter any further. There has been no contact since November, 2006."

Sequatchie County and Individually; Fred Bledsoe; Robert Bledsoe; John Doe; Robert Philyaw; Marie Grant, Administrator of National HealthCare Corporation and Individually; National HealthCare Corporation; and Sequatchie County, Tennessee. The second motion was for leave to file a supplemental complaint.

On March 16, 2009, now realizing the case had been dismissed, the Lyons filed a Motion to Vacate Judgment and Set Aside pursuant to Tenn. R. Civ. P. 60.02. In the Rule 60.02 motion, the Lyons contended that they had no notice of the motions to dismiss and that they did not receive the resulting order that dismissed their case. The Lyons stated they had hired an attorney to represent them in the matter, however, they had subsequently fired him due to his failure to prosecute the action, and that they were unaware of a final judgment in the matter until they attempted to file the motions on March 11, 2009. They also stated that the certificate of service on the defendants' motions represented that the motions had been hand-delivered to 432 Family Drive, however, the Lyons stated they no longer lived there and contended both Leffew and Grant both knew this was no longer their address as Leffew had moved back onto the property and was residing there at the time of the service of the motion.

A hearing on the Rule 60.02 motion was held on May 26, 2009.[3] At the hearing, the defendants' attorneys stated that this was the Lyons' last known address and submitted unopened envelopes addressed to the Lyons at that address, 432 Family Drive, which bore the mark "return to sender."[4] On July 8, 2009, the trial court issued a lengthy final order in which the court denied the motion to vacate, stating that the Lyons were at fault for not having received notice of the hearing on the motions because the Lyons failed to notify the court or opposing counsel of a change in their address. The court cited to the opinion of this court in *Reynolds v. Battles*, 108 S.W.3d 249 (Tenn. Ct. App. 2003), which held that *pro se* litigants have a duty to notify the clerk of court of a new address if it changes during the course of the litigation. The court also rejected the Lyons' argument that their failure to take action on the case for two years prior to the filing of the motion for judgment on the pleadings was because they believed they were represented by counsel, noting specifically that this assertion was not supported by an affidavit, copy of a contract of employment with an attorney, or the statement from their attorney.[5] Based upon the Lyons' failure to notify the

---

[3]The court also noted that the Lyons had filed a motion for joinder of additional parties, but stated that if it were to deny the motion to vacate, the motion for joinder would be rendered moot.

[4]This demonstrated that the certificates of service on the motions for judgment were incorrectly marked hand-delivered.

[5]The court noted that an affidavit of the attorney, Fielding Atchley, who the Lyons asserted they had hired, was filed in support of motions filed subsequent to the motion to vacate. However, the court found this
(continued...)

court or opposing counsel of their change of address and their failure to demonstrate any other basis for relief under Rule 60.02, the court denied the motion to vacate.[6] The Lyons did not appeal the denial of their first Rule 60.02 motion.

On August 5, 2009, the Lyons filed a second Rule 60.02 motion in which the Lyons again sought to set aside the July 8, 2009 Final Order. The basis of this motion was the same as the first Rule 60.02 motion, the unopened "return to sender" envelopes that were presented during the May 26, 2009 hearing on the first Rule 60.02 motion. The Lyons objected to the unopened envelopes because, the Lyons stated, the envelopes were not "filed" with the court during the hearing on the first motion. As before, the Lyons made the same arguments and relied on the same evidence used in the first Rule 60.02 motion to vacate.

Following a hearing on September 28, 2009, the trial court denied the second Rule 60.02 motion. The trial court stated that it was unaware of any basis for filing a second Rule 60.02 motion on the same issue. The court further found that the Lyons "intentionally deprived" the court and opposing counsel of their new mailing address and the Lyons failed to establish a valid reason or excuse for the failure to prosecute their case. This order was entered on February 8, 2010, and the Lyons filed a notice of appeal to challenge this order within thirty days of the entry of the order.

## ANALYSIS

The plaintiffs and defendants present several issues on appeal. The dispositive issue is whether the trial court abused its discretion in denying Plaintiffs' second Tenn. R. Civ. P. 60.02 motion to set aside the order entered on August 11, 2008, which denied the first Rule 60.02 motion. We have determined it did not, due in part to the fact that the issues presented in the second Rule 60.02 motion were *res judicata*.

The doctrine of *res judicata* applies when "an existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of rights, questions and facts in issue as to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction." *Galbreath v. Harris*, 811 S.W.2d 88, 90 (Tenn. Ct. App. 1990). In the Lyons' first Tenn. R. Civ. P. 60.02 motion, they contended that they had no notice of the hearing on the motion for judgment on the pleadings

---

[5](...continued)
affidavit stated only that the attorney investigated the facts, not that the Lyons retained his services.

[6]The court found that the various motions filed by the Lyons between the entry of the August 11, 2008 order and the order denying the motion to vacate, were rendered moot.

and contended that they had hired an attorney, who failed to take action on their case. These issues were fully addressed in a hearing before the trial court and in the court's lengthy July 8, 2009 order. The Lyons filed no appeal from this order.

In their second motion, the Lyons raised the same issues that were the basis of the first motion, that they did not receive copies of the motions to dismiss, that they did not receive the order dismissing their case, and that an attorney hired by them took no action. As the issues raised in the second motion were previously litigated and an order was entered which had since become a final, non-appealable judgment, we concur with the trial court's finding as the issues were *res judicata*.

The defendants also contend that a party may not file more than one Rule 60.02 motion to vacate a judgment. We have found no rule, statute, or case law that prevents a party from filing more than one Tenn. R. Civ. P. 60.02 motion to vacate a judgment. Pursuant to Tenn. R. App. P. 3(a), a party may appeal from a final order or judgment denying a Tenn. R. Civ. P. 60.02 motion for relief from a judgment. The foregoing notwithstanding, as we held above, if the same issues are raised in the second Rule 60.02 motion, the issues may be barred based on the doctrine of *res judicata*.

We also wish to address the defendants' contention that this appeal is untimely. In support of their argument, the defendants cite to *Gassaway v. Patty*, 604 S.W.2d 60 (Tenn. Ct. App. 1980). We find *Gassaway* distinguishable from the facts of this case because the notice of appeal in *Gassaway* "was not filed within 30 days of the entry of the judgment," meaning the judgment at issue on appeal, as required by Tenn. R. Civ. P. Rule 59. *See id.* Here, the Lyons filed a notice to appeal the February 8, 2010 order, being the order denying their second motion for Rule 60.02 relief. The Lyons filed their notice of appeal on March 8, 2010, which was within thirty days of the entry of the order challenged on appeal. Thus, the appeal from the February 28, 2010 order is not untimely. Of course, the time had run to appeal the Final Order dismissing the Lyons' case, which was entered on August 11, 2008, and the order denying the first Rule 60.02 motion, which was entered on July 8, 2009.

For one last issue, appellees L. Thomas Austin, Jennifer Austin Mitchell, Sequatchie County, Tennessee, Ronnie Hitchcock, Ed Dishman, Thomas C. Goings, and Mary S. McBee, contend that the appeal against them should be dismissed because they were never properly joined as parties to the action. They are correct. Moreover, the Lyons do not address this issue in their briefs; thus, the Lyons waived the issue.

**IN CONCLUSION**

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against Maston G. Lyons and Linda C. Lyons, Appellants.

_____
FRANK G. CLEMENT, JR., JUDGE