# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE

## STATE OF TENNESSEE ex rel. ROBIN LIPSKI
## v. JERRY BURKES

### Circuit Court for Greene County
### No. 10CV575

_____

### No. E2012-01355-COA-R3-CV - Filed August 1, 2012

_____

The order from which the appellant, Jerry Burkes, seeks to appeal was entered on Monday, October 24, 2011. A notice of appeal was filed by the appellant on Monday, November 28, 2011, the 35th day following the entry of the trial court's order. Because the notice of appeal was not filed timely, we have no jurisdiction to consider this appeal. Accordingly, this appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

D. MICHAEL SWINEY, J., HERSCHEL P. FRANKS, P.J., and JOHN W. MCCLARTY, J.

Jerry Burkes, Greeneville, Tennessee, Pro Se Appellant.

Linda Thomas Woolsey, Greeneville, Tennessee, for the Appellee, Robin Lipski.

Robert E. Cooper, Jr., Attorney General and Reporter, and Lindsey O. Appiah, Assistant Attorney General, for the Appellee, State of Tennessee.

## MEMORANDUM OPINION[1]

Our jurisdiction of a Tenn. R. App. P. 3 appeal as of right is dependent upon the timely filing of a notice of appeal. *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004). In the instant case, the day the relevant order was entered, *i.e.*, October 24, 2011, is not counted in determining the last day of the 30-day period of time for filing of a notice of appeal. *See* Tenn. R. App. P. 21(a). Therefore, there were 7 days left in October and 23 days in November within which the Appellant could file his notice. Hence, the last day the notice could be timely filed was Wednesday, November 23, 2011. It follows that the notice of appeal filed November 28, 2011, was not timely filed. We have no jurisdiction to hear the appellant's appeal.

The appeal of Jerry Burkes is dismissed with costs on appeal taxed to him.

PER CURIAM

---

[1] Rule 10 of the Rules of the Court of Appeals provides: "This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION,' shall not be published, and shall not be cited or relied on for any reason in any unrelated case."