IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 28, 2013 Session

**IN RE: ISABELLA Z. S.**

**Appeal from the Chancery Court for Rhea County**
**No. 12AD1094      Jeffrey F. Stewart, Chancellor**

**No. E2013-01490-COA-R3-CV - Filed October 28, 2013**

This is an appeal by Darlene H. from an order entered on May 21, 2013, which dismissed her petition for grandparent visitation on grounds that she lacked standing to intervene in the termination of parental rights and adoption proceedings involving her biological grandchild. A final order of adoption terminating the parental rights of Darlene H.'s daughter, Whitney H., to her daughter, Isabella S., was entered on April 24, 2013. The Notice of Appeal was not filed by counsel for Darlene H. until June 21, 2013, more than thirty (30) days from the date of entry of the May 21, 2013 order. The adoptive parents, Jason O. and Rachel O., filed a motion to dismiss this appeal based upon the untimely filing of the Notice of Appeal. Because the Notice of Appeal was not timely filed, we have no jurisdiction to consider this appeal and grant the motion to dismiss.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

D. MICHAEL SWINEY, JOHN W. MCCLARTY, AND THOMAS R. FRIERSON, II, JJ.

Patrice Donice Butler Kinsey, Harriman, Tennessee, for the appellant, Darlene H.

Andrew Nathan Hall, Wartburg, Tennessee, for the appellees, Jason O. and Rachel O.

# MEMORANDUM OPINION[1]

Before transmission of the record for this appeal, the adoptive parents filed their motion to dismiss asserting that the Notice of Appeal was filed on June 21, 2013, one day after the June 20, 2013 deadline for filing a Notice of Appeal from the May 21, 2013 order. The record that has now been transmitted for this appeal confirms that the Notice of Appeal was one day late. Counsel for Darlene H. has not responded to the motion to dismiss.

In order to be timely, a notice of appeal must "be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from." Tenn. R. App. P. 4(a). "The thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional in civil cases." *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004).

Because the Notice of Appeal in this case was not filed until thirty-one (31) days after the date of entry of the May 21, 2013 order to which it is directed, we lack jurisdiction to consider the appeal. The motion to dismiss is granted and this appeal is dismissed. All pending motions are denied as moot. Costs on appeal are taxed to the appellant, Darlene H., and her surety, and for which execution may issue if necessary.

**PER CURIAM**

---

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.