IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 8, 2015


BRADLEY K. LOWE, et al. v.
THE GREENE COUNTY PARTNERSHIP, et al.


Appeal from the Chancery Court for Greene County
No. 20110105     Douglas T. Jenkins, Chancellor

—————————————

No. E2015-00996-COA-R3-CV-FILED-JULY 8, 2015

—————————————

This is an appeal from an order certified by the Trial Court as a final judgment pursuant to Rule 54.02 of the Rules of Civil Procedure. The Notice of Appeal was filed more than thirty (30) days from the date of entry of the judgment. The appellee, The Greene County Partnership, has filed a motion to dismiss this appeal based upon the untimely filing of the Notice of Appeal. Because the Notice of Appeal was not timely filed, we have no jurisdiction to consider this appeal and grant the motion to dismiss.


**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**


JOHN W. MCCLARTY, J., CHARLES D. SUSANO, JR., C.J., AND D. MICHAEL SWINEY, J.

Herbert S. Moncier, Knoxville, Tennessee, for the appellants.

Chad E. Wallace, Johnson City, Tennessee, for the appellee, The Greene County Partnership.

Roger A. Woolsey, Greeneville, Tennessee, for the appellees, Greene County Regional Planning Commission, Greene County Commission, and Greene County, Tennessee.


**MEMORANDUM OPINION**[1]

The effective date of entry of the judgment in this case was the date upon which the order was stamped filed by the Trial Court Clerk (April 20, 2015), not the date upon which the Trial Court Clerk certified that the signed order was mailed to all parties (April 23, 2015), because at the time the order was filed by the Trial Court Clerk it contained "the signatures of the judge and one party or counsel with a certificate of counsel that a copy of the proposed order ha[d] been served on all other parties or counsel." Tenn. R. Civ. P. 58(2). The Notice of Appeal was not filed by the appellants until May 22, 2015. The appellants have not responded to the appellee's motion to dismiss.

A notice of appeal must "be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from." Tenn. R. App. P. 4(a). "The thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional in civil cases." *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004).

Because the Notice of Appeal in this case was not timely filed, we lack jurisdiction to consider this appeal. The motion to dismiss is granted and this appeal is dismissed. Costs on appeal are taxed to the appellants, for which execution may issue if necessary.

**PER CURIAM**

---

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.