# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
August 30, 2016 Session

## IN RE ADONNIAS P. ET AL.

**Appeal from the Juvenile Court for Knox County**
No. 50970      Timothy E. Irwin, Judge



### No. E2016-01102-COA-R3-PT-FILED-AUGUST 30, 2016

The Notice of Appeal in this termination of parental rights case was filed *pro se* by the appellant/mother on May 26, 2016.  In it, she indicates her desire to appeal from a final judgment entered on May 5, 2015.  Because the Notice of Appeal was not timely filed, we lack jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

THOMAS R. FRIERSON, II, J., D. MICHAEL SWINEY, C.J., AND CHARLES D. SUSANO, JR., J.

Holly P., Lenoir City, Tennessee, Pro Se.

Herbert H. Slatery, III, Attorney General and Reporter, and Martha A. Campbell, Assistant Attorney General, General Civil Division, for the appellee, Tennessee Department of Children=s Services.

Katheryn Kristina Murray Ogle, Knoxville, Tennessee, Guardian Ad Litem.

# MEMORANDUM OPINION[1]

Before transmission of the record for this appeal, the Court directed the *pro se* appellant to show cause why this appeal should not be dismissed for lack of jurisdiction based upon the untimely filing of the Notice of Appeal. In that order, the Court noted that a timely appeal from the Trial Court's final order in the proceedings below already had been dismissed by unpublished order. *See In Re Adonnias P., et al.*, No. E2015-01751-COA-R3-PT, order (Tenn. Ct. App., filed Feb. 23, 2016). The appellant has filed no response to the Court's show cause order.

In order to be timely, a notice of appeal must "be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from." Tenn. R. App. P. 4(a). "The thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional in civil cases." *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004).

Because the Notice of Appeal in this case was not filed until more than a year after the judgment to which it is directed, we lack jurisdiction to consider the appeal. This appeal is dismissed. Costs on appeal are taxed to the appellant, Holly P., for which execution may issue if necessary.

**PER CURIAM**

---

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.