IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
March 5, 2021

## SHEILA RENEE GRISSETTE v. DON EDWIN GRISSETTE

**Appeal from the Circuit Court for Hamilton County
No. 17D560   Ward Jeffrey Hollingsworth, Judge**

_____

### No. E2020-00923-COA-R3-CV

_____

This is an appeal of a suit for divorce.  Because the notice of appeal was not timely filed, this Court lacks jurisdiction to consider this appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

THOMAS R. FRIERSON, II, J.; D. MICHAEL SWINEY, C.J.;  AND JOHN W. MCCLARTY, J.

John P. Konvalinka, Chattanooga, Tennessee, for the appellant, Don Edwin Grissette.

Alan R. Beard, Chattanooga, Tennessee, for the appellee, Sheila Renee Grissette.

### MEMORANDUM OPINION[1]

Upon a review of the record, we have determined that the notice of appeal was not timely filed in accordance with Rule 4(a) of the Tennessee Rules of Appellate Procedure. The Circuit Court for Hamilton County ("the Trial Court") entered its judgment on November 15, 2019.  Both parties timely filed motions to alter or amend pursuant to Tenn. R. Civ. P. 59.01.  The Trial Court entered its order addressing the motions to alter or amend on February 21, 2020.  Sheila Renee Grissette ("Wife") then filed a second motion to alter

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

or amend, which the Trial Court addressed by order entered June 8, 2020. Don Edwin Grissette ("Husband") filed his notice of appeal in this Court on July 8, 2020.

A notice of appeal "shall be filed with the clerk of the appellate court within 30 days after the date of entry of the judgment appealed from . . .." Tenn. R. App. P 4(a). "The thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional in civil cases." *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004); *also, e.g., Ball v. McDowell*, 288 S.W.3d 833, 836 (Tenn. 2009). If a notice of appeal is not timely filed, this Court is not at liberty to waive the procedural defect. Tenn. R. App. P. 2.; *also, e.g., Arfken & Assocs., P.A. v. Simpson Bridge Co., Inc.*, 85 S.W.3d 789, 791 (Tenn. Ct. App. 2002).

The thirty-day time limit for filing a notice of appeal may be extended by the timely filing of one of four allowed motions pursuant to Tenn. R. Civ. P. 59.01. Those motions are:

> (1) under Rule 50.02 for judgment in accordance with a motion for a directed verdict; (2) under Rule 52.02 to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (3) under Rule 59.07 for a new trial; or (4) under Rule 59.04 to alter or amend the judgment.

Tenn. R. Civ. P. 59.01. Rule 59.01 clearly and unambiguously provides that these four motions "are the only motions contemplated in these rules" which will extend the time for filing an appeal. Tenn. R. Civ. P. 59.01. Furthermore, Rule 59.01 provides: "Motions to reconsider any of these motions are not authorized and will not operate to extend the time for appellate proceedings." Tenn. R. Civ. P. 59.01.

Pursuant to the requirements of Rule 13(b) of the Tennessee Rules of Appellate Procedure, the Court directed the appellant, Husband, to show cause why this appeal should not be dismissed for lack of subject matter jurisdiction after it became clear that the notice of appeal was not timely filed because it was not filed within thirty days of entry of the Trial Court's February 21, 2020 order. Husband responded to the show cause order and asserted that the subject matter of Wife's first and second motions to alter or amend "differed," and therefore, Wife's second motion was not an impermissible motion to reconsider. Husband also argued that because the subject matter of the motions differed, that Wife was not filing Rule 59 motions "in a serial fashion to extend the time for filing a notice of appeal." Finally, Husband argued that because the Trial Court modified its judgment in response to the initial motions to alter or amend filed by Wife and Husband, that Wife was entitled to file a second Rule 59 motion in response to the altered judgment.

In *Legens v. Lecornu*, this Court discussed Rule 59.01 and summarized:

> We can glean the following principles from Rule 59.01 and from these cases. Rule 59.01 prohibits motions to "reconsider," on the same grounds, [as] a previously decided Rule 59 motion. *See Gassaway*, 604 S.W.2d at 60; Tenn. R. Civ. P. 59.01. Rule 59 also prohibits a party from filing a motion to alter or amend a judgment that is *not changed* when a trial court enters an order in response to another party's timely motion to alter or amend. *See Graybeal*, 2012 WL 4459807, at *10. A party can file a motion to alter or amend a judgment that *has* been changed in response to *another party's* Rule 59 motion. *Albert*, 145 S.W.3d at 526; *Savage*, 2001 WL 1013056, at *8; *Brenneman*, 2001 WL 543434, at *3; *see also Graybeal*, 2012 WL 4459807, at *10 (recognizing that a judgment altered in a manner adverse to a party will have the effect of starting the time anew for filing a timely motion pursuant to Rule 59). In addition, filing two motions to alter or amend is not always fatal – a party can file a motion to alter or amend a judgment that was amended in response to his opponent's motion even if he or she has already filed one motion to alter or amend prior to the amended judgment. *See Barnes*, 2014 WL 1413931, at *3-4.

> The question remains as to whether a party can file a Rule 59 motion in response to an amended judgment when it was that party who successfully moved for the amended judgment. We believe that such a party should be allowed to do so, assuming, of course, that the second motion is not simply a motion to "reconsider" previously asserted grounds. The purpose of a Rule 59 motion to alter or amend a judgment is to prevent unnecessary appeals by providing the trial court with an opportunity to correct errors before the judgment becomes final. *Discover Bank v. Morgan*, 363 S.W.3d 479, 489 (Tenn. 2012).

*Legens v. Lecornu*, No. W2013-01800-COA-R3-CV, 2014 WL 2922358, at **12-13 (Tenn. Ct. App. June 26, 2014), *no appl. perm. appeal filed*.

We agree with the assertion that Wife's second motion to alter or amend was not a motion to reconsider grounds asserted in her first motion. The issues raised in Wife's first motion to alter or amend and the ones raised in her second one do indeed differ. This conclusion, however, does not end the inquiry as the Trial Court amended its judgment in the February 21, 2020 order, and we must consider the grounds asserted in Wife's second motion to alter or amend to determine if it was filed in response to the changes to the judgment.

- 3 -

Wife's first motion to alter or amend raised issues regarding alimony and the payment of homeowner association fees. Husband's motion to alter or amend raised issues regarding Wife's separate property, the division of marital assets, alimony, and payment of an expert witness fee. The Trial Court's February 21, 2020 order granted, in part, both motions to alter or amend. Specifically, the Trial Court set a date specific for the payment of alimony, corrected errors in the division of marital assets, awarded Husband a specific asset, and clarified the alimony award. The Trial Court denied the remaining issues in both motions to alter or amend. Wife's second motion to alter or amend raised issues regarding the payment of the mortgage on the marital home. While Wife's second motion to alter or amend was not a motion seeking reconsideration of grounds asserted in Wife's first motion to alter or amend, it also was not filed in response to changes made in the Trial Court's February 21, 2020 order.

Although the filing of a second motion pursuant to Rule 59 is in certain circumstances permissible if the judgment was amended in response to a previous Rule 59 motion, the second motion to alter or amend in this case was not filed in response to changes made to the judgment. Instead, Wife's second motion to alter or amend raised issues in response to the November 15, 2019 judgment, which could and should have been raised in Wife's first motion to alter or amend. As such, the filing of Wife's second motion to alter or amend after the Trial Court had ruled upon the first motions to alter or amend constituted the filing of serial motions to alter or amend, which is not permitted. *See Gassaway v. Patty*, 604 S.W.2d 60, 61 (Tenn. Ct. App. 1980) (dismissing appeal for lack of jurisdiction in case where party filed post-trial motions in serial manner in an attempt to extend time to appeal and stating: "The Tennessee Rules of Appellate Procedure provide procedures to be followed in order that the rights of the parties can be resolved with certainty and finality. To validate appellant's appeal would require us to disregard the express language of the rules and the result would enable parties to file repeated post-judgment motions in the trial court.").

The thirty-day time period for filing a notice of appeal commenced to run when the Trial Court entered its February 21, 2020 order. As appellant failed to file his notice of appeal within thirty days of entry of the February 21, 2020 order, the notice of appeal was untimely filed, thus depriving this Court of jurisdiction.

This appeal is hereby DISMISSED. Costs on appeal are taxed to the appellant, Don Edwin Grissette, for which execution may issue.

**PER CURIAM**

- 4 -