IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
January 3, 2024 Session

## JOHN SCHMEECKLE v. BRITTANY DEKREEK ET AL.

**Appeal from the Circuit Court for Hamilton County**
**No. 22C874  Kyle E. Hedrick, Judge**

_____

**No. E2023-01297-COA-R3-CV**

_____

This is an appeal from a final order entered on July 19, 2023.[1]  The Notice of Appeal was not filed with the Appellate Court Clerk until September 7, 2023, more than thirty days from the date of entry of the order from which the appellant is seeking to appeal.  Because the Notice of Appeal was not timely filed, we have no jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

D. MICHAEL SWINEY, C.J.; JOHN W. MCCLARTY, J.; and THOMAS R. FRIERSON, II, J.

John Schmeeckle, Chattanooga, Tennessee, Pro Se Appellant.

Trevor Scott Baskin, Nashville, Tennessee, for the appellees, Chattanooga Lindsay Properties, LLC, and Brittany DeKreek.

**MEMORANDUM OPINION**[2]

---

[1] We note that the appellant states on his notice of appeal that he is appealing the judgment entered on February 2, 2023; however, the timely Tenn. R. Civ. P. 59 motion to alter or amend was not disposed of until the July 19, 2023 order.

[2] Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

The Hamilton County Circuit Court ("Trial Court") entered an order on February 2, 2023 granting a motion to dismiss the action for failure to state a claim upon which relief may be granted filed by the defendants, Brittany Dekreek and Chattanooga Lindsay Partners, LLC. On March 6, 2023, the appellant, John Schmeeckle ("Appellant"), filed a motion asking the Trial Court to reconsider the dismissal of the lawsuit. The Trial Court conducted a hearing on Appellant's motion to reconsider on March 20, 2023. The Trial Court treated this motion to reconsider as a motion to alter or amend filed pursuant to Tenn. R. Civ. P. 59, which extended the time to file a notice of appeal until thirty days after the Trial Court's order resolving this motion. *See* Tenn. R. App. P. 4(b) (providing that the time for filing a notice of appeal shall begin to run from the date the order is entered disposing of the Rule 59 motion). According to the record, the Trial Judge verbally denied the motion to reconsider at a hearing on March 20, 2023, but a written order was not entered at that time.[3]

On April 10, 2023, Appellant filed a "Motion to Reverse this Court's Decision of March 20, 2023 because of Judicial Error," in which he states that he seeks reversal of the Trial Court's March 20, 2023 decision "which denied [Appellant's] motion to reconsider this court's Order of February 2, 2023 dismissing [Appellant's] lawsuit." In a subsequent rebuttal to the defendants' response, Appellant acknowledges that at the March 20, 2023 hearing, the Trial Court categorized the March 6, 2023 motion to reconsider as a motion to alter or amend the judgment and states that he has no objection to that categorization.

The Trial Court entered an order on July 19, 2023, denying the initial motion to reconsider, which was treated as a Rule 59 motion to alter or amend, and declining to modify the Trial Court's February 2, 2023 judgment in any way. Appellant subsequently scheduled his second motion for hearing and filed an addendum to his motion, in which he states in pertinent part:

> [Appellant] submitted this motion after Judge Marie Williams on March 20, 2023 denied [Appellant's] "motion to reconsider this Court's dismissal of [Appellant's] lawsuit." Judge Williams's oral order of March 20 was never accompanied by a written order. Now, a written order has been entered, allowing [Appellant's Motion to Reverse this Court's Decision of March 20, 2023 because of Judicial Error] to be heard.

The Trial Court treated the April 10, 2023 "Motion to Reverse this Court's Decision of March 20, 2023 because of Judicial Error" as a second Rule 59 motion and denied the motion by written order on August 15, 2023.

---

[3] Following two motions to recuse filed by Appellant, the Trial Judge denied the motions but *sua sponte* recused herself in this matter. Another Trial Judge was appointed to preside over this case on May 19, 2023.

Appellant filed his notice of appeal with this Court on September 7, 2023. Upon receipt of the appellate record and pursuant to Tenn. R. App. P. 13(b), this Court reviewed the record on appeal to determine if the Court has subject matter jurisdiction over the appeal. The appellate record reveals that Appellant's notice of appeal appears to be untimely filed, thus depriving this Court of jurisdiction to consider the appeal. Therefore, this Court entered an order directing Appellant to show cause why this appeal should not be dismissed due to lack of jurisdiction resulting from an untimely notice of appeal. Appellant responded to the show cause order attempting to demonstrate why this appeal should proceed. In his response, Appellant asserts that the Trial Judge informed him during the hearing on the second motion that a court order would be entered that Appellant could appeal within thirty days. Appellant requests this Court allow this appeal to continue in the interest of justice and to conform to the Trial Judge's statement. Appellant also argues that the errors and misconduct by the Trial Judge "were so egregious as to merit special consideration of the circumstances." Additionally, Appellant asserts that the April 2023 motion should not have been treated as a second Rule 59 motion because it raised issues concerning misconduct of the Trial Judge.

In order to be timely, a notice of appeal "shall be filed with the clerk of the appellate court within 30 days after the date of entry of the judgment appealed from . . . ." Tenn. R. App. P. 4(a). "The thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional in civil cases." *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004). The thirty-day time limit for filing a notice of appeal may be extended by the timely filing of one of four allowed motions pursuant to Tenn. R. Civ. P. 59.01. Those motions are:

> (1) under Rule 50.02 for judgment in accordance with a motion for a directed verdict; (2) under Rule 52.02 to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (3) under Rule 59.07 for a new trial; or (4) under Rule 59.04 to alter or amend the judgment.

Tenn. R. Civ. P. 59.01. Rule 59.01 clearly and unambiguously provides that these four motions "are the only motions contemplated in these rules" which will extend the time for filing an appeal. Tenn. R. Civ. P. 59.01. Furthermore, Rule 59.01 provides: "Motions to reconsider any of these motions are not authorized and will not operate to extend the time for appellate proceedings." Tenn. R. Civ. P. 59.01. If a notice of appeal is not filed in a civil case in a timely fashion from the date of entry of the final judgment, we are not at liberty to waive the procedural defect and must dismiss the appeal. *See Arfken & Assocs., P.A. v. Simpson Bridge Co., Inc.*, 85 S.W.3d 789, 791 (Tenn. Ct. App. 2002); *Am. Steinwinter Investor Group v. Am. Steinwinter, Inc.*, 964 S.W.2d 569, 571 (Tenn. Ct. App. 1997); *Jefferson v. Pneumo Services Corp.*, 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985).

Although the filing of a second motion pursuant to Rule 59 is in certain circumstances permissible if the judgment was amended in response to a previous Rule 59

motion, the second motion to alter or amend in this case was not filed in response to any changes made to the judgment. As the Trial Court found, Appellants' April 10, 2023 "Motion to Reverse this Court's Decision of March 20, 2023 because of Judicial Error" is essentially a motion seeking to reconsider the initial reconsideration of the Trial Court's February 2, 2023 order dismissing the case. Appellant argues that his April 2023 motion was not filed pursuant to Rule 59 and the Trial Court erred by treating it as such. However, Appellant's motion begins, "Comes now [Appellant], with this motion to reverse this court's decision of March 20, 2023 (which denied Plaintiff's motion to reconsider this court's Order of February 2, 2023 dismissing [Appellant's] lawsuit), because of judicial error." It is clear that Appellant was seeking to alter or amend the oral ruling of the Trial Judge from the March 20, 2023 hearing denying the motion to reconsider.

Tenn. R. Civ. P. 59, which allows for the filing of a motion to alter or amend, specifically states that motions to reconsider previous Rule 59 motions will not extend the time to file a notice of appeal. Tenn. R. Civ. P. 59.01. "Because Rule 59 motions delay appeals and finality, successive Rule 59 motions are not allowed." *Parks v. Mid Atlantic Finance Co., Inc.*, 343 S.W.3d 792, 799 (Tenn. Ct. App. 2011) (citation omitted). Therefore, Appellant's second motion to alter or amend, which he titled a "Motion to Reverse this Court's Decision of March 20, 2023 because of Judicial Error," is an impermissible, successive Rule 59 motion that would not toll the time for filing an appeal with this Court. Therefore, the Trial Court's final appealable judgment was entered on July 19, 2023, when the court denied in writing the initial Rule 59 motion. As such, Appellant's notice of appeal was not filed within thirty days after the final judgment, depriving this Court of jurisdiction. *See* Tenn. R. App. P. 4(b); *Gassaway v. Patty*, 604 S.W.2d 60, 61 (Tenn. Ct. App. 1980) (dismissing appeal for lack of jurisdiction in case where party filed post-trial motions in serial manner in an attempt to extend time to appeal and stating: "The Tennessee Rules of Appellate Procedure provide procedures to be followed in order that the rights of the parties can be resolved with certainty and finality. To validate appellant's appeal would require us to disregard the express language of the rules and the result would enable parties to file repeated post-judgment motions in the trial court.").

Appellant asks this Court to allow the appeal to proceed in the interests of justice, based on comments allegedly made by the Trial Judge at a hearing, and due to "egregious" error and misconduct by the Trial Judge that requires "special consideration of the circumstances." However, we are not permitted to waive the untimely filing of a notice of appeal in civil cases. *See* Tenn. R. Civ. P. 4(a).

This appeal is hereby DISMISSED. Costs on appeal are taxed to the appellant, John Schmeeckle, for which execution may issue.

**PER CURIAM**

- 4 -