IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned July 7, 2011

## IN RE: GABRIEL D. A., ET AL.

**Appeal from the Juvenile Court for Anderson County**
**Nos. J-26275/10-1894;      Brandon Fisher, Judge**
**J-26276/10-1895**

_____

**No. E2011-01161-COA-R3-PT-FILED-JULY 7, 2011**

_____

The order from which the appellant William E. J. seeks to appeal was entered on Tuesday, April 12, 2011. A notice of appeal was filed by the appellant on Thursday, May 19, 2011, the 37th day following the entry of the trial court's order. Because the notice of appeal was not filed timely, we have no jurisdiction to consider this appeal. Accordingly, this appeal is dismissed.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

D. MICHAEL SWINEY, J., HERSCHEL P. FRANKS, P.J., and JOHN W. MCCLARTY, J.

Brennan Patrick Lenihan, Knoxville, Tennessee, for the Appellant, William E J.

Robert E. Cooper, Jr., Attorney General and Reporter, and Lindsey O. Appiah, Assistant Attorney General, for the Appellee, State of Tennessee Department of Children's Services.

# MEMORANDUM OPINION[1]


Our jurisdiction of a Tenn. R. App. P. 3 appeal as of right is dependent upon the timely filing of a notice of appeal. *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004). In the instant case, the day the relevant order was entered, *i.e.*, April 12, 2011, is not counted in determining the last day of the 30-day period of time for filing of a notice of appeal. *See* Tenn. R. App. P. 21(a). Therefore, there were 18 days left in April and 12 days in May within which the Appellant could file his notice. Hence, the last day the notice could be timely filed was Thursday, May 12, 2011. It follows that the notice of appeal filed May 19, 2011, was not timely filed. We have no jurisdiction to hear the appellant's appeal.

The appeal of William E. J. is dismissed with costs on appeal taxed to him.


PER CURIAM

---

[1] Rule 10 of the Rules of the Court of Appeals provides: "This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION,' shall not be published, and shall not be cited or relied on for any reason in any unrelated case."