IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
March 8, 2013 Session


IN RE: ESTEFANI Y. M., ET AL.


Appeal from the Circuit Court for Hamblen County
No. 12CV063      Thomas J. Wright, Judge

---

No. E2013-00343-COA-R3-PT-FILED-MARCH 8, 2013

---


This is an appeal by Elvira N. M. from an order terminating her parental rights to her two minor children, Estefani Y. M. and Vanessa N. M.  The order terminating the appellant's parental rights was entered on October 15, 2012.  The Notice of Appeal was not filed until November 15, 2012, more than (30) days from the date of entry of the October 15, 2012 order.  Because the Notice of Appeal was not timely filed, we have no jurisdiction to consider this appeal.


**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**


D. MICHAEL SWINEY, JOHN W. MCCLARTY, AND THOMAS R. FRIERSON, II, JJ.

Aaron Chapman, Morristown, Tennessee, for the appellant.

Robert E. Cooper, Jr., Attorney General and Reporter, and Paul Jordan Scott, Assistant Attorney General, General Civil Division, Nashville, Tennessee, for the appellee, Tennessee Department of Children's Services.

Lauren Marie Armstrong, Morristown, Tennessee, Guardian Ad Litem.

Before transmission of the record for this appeal, the Court directed the appellant to show cause why this appeal should not be dismissed for lack of jurisdiction based upon the untimely filing of the Notice of Appeal. In response, counsel for the appellant filed a motion to withdraw from the case and consolidated response to the show cause order in which counsel states that he filed the Notice of Appeal pursuant to the appellant's last communication with him at the conclusion of the final hearing below. Counsel states that he has had no further contact with the appellant since that time as a result of her deportation following the entry of a guilty plea to a deportable offense that the final order on review demonstrates was related to the basis for the termination of her parental rights in this case. Counsel asserts that he cannot further advocate on behalf of the appellant as a result of his inability to discuss the case with her. As such, counsel asks that he be relieved from any further representation of the appellant in this cause.

In order to be timely, a notice of appeal must "be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from." Tenn. R. App. P. 4(a). "The thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional in civil cases." *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004).

Because the Notice of Appeal in this case was not filed until thirty-one (31) days after the date of entry of the order terminating the appellant's parental rights, we lack jurisdiction to consider the appeal, including counsel's motion to withdraw as counsel. This appeal is dismissed. Costs on appeal are taxed to the appellant, Elvira N. M., for which execution may issue if necessary.

**PER CURIAM**

---

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.