# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### April 9, 2014  Session

## DENZIL RUSS PARTIN v. GARY PERKINS, in his capacity as CAMPBELL COUNTY SHERIFF

**Appeal from the Circuit Court for Campbell County**
**No. 14936     John D. McAfee, Judge**

---

### No. E2013-02000-COA-R3-CV-FILED-APRIL 9, 2014

---

This is an appeal from a final order entered on July 8, 2013.  The Notice of Appeal was not filed until August 9, 2013, more than (30) days from the date of entry of the order to which it is directed.  Because the Notice of Appeal was not timely filed, we have no jurisdiction to consider this appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

JOHN W. MCCLARTY, J., CHARLES D. SUSANO, JR., C.J., AND THOMAS R. FRIERSON, II, J.

Denzil Russ Parton, Emlyn, Kentucky, appellant, *pro se*.

Joseph Grant Coker, Jacksboro, Tennessee, for the appellee, Gary Perkins, in his capacity as Campbell County Sheriff.

### MEMORANDUM OPINION[1]

By order entered on January 31, 2014, the Court directed the *pro se* appellant to show cause why this appeal should not be dismissed for lack of jurisdiction based upon the

---

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

untimely filing of the Notice of Appeal. The appellant's timely filed response to the show cause order asserts that he did not receive the order on appeal from his attorney until July 30, 2013. The appellant states in his response that he then had thirty (30) days "from notice to file my appeal." The appellant has not provided good cause for why this appeal should not be dismissed for lack of jurisdiction. In fact, the appellant's assertions demonstrate that he had eight (8) days from the time he obtained the order on appeal until the August 7, 2013 deadline for filing a notice of appeal in this case.

In order to be timely, a notice of appeal must "be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from." Tenn. R. App. P. 4(a). "The thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional in civil cases." *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004).

Because the Notice of Appeal in this case was filed more than thirty (30) days after the date of entry of the final order, we lack jurisdiction to consider the appeal. This appeal is dismissed. Costs on appeal are taxed to the appellant, Denzil Russ Partin, for which execution may issue if necessary.

**PER CURIAM**