# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
October 31, 2014 Session

## JACKIE D. OWENS v. HAMILTON COUNTY SHERIFF'S DEPARTMENT, et al.

**Appeal from the Circuit Court for Hamilton County**
**No. 13C696      W. Neil Thomas, III, Judge**

---

**No. E2014-01766-COA-R3-CV-FILED-OCTOBER 31, 2014**

---

The judgment from which the *pro se* incarcerated appellant, Jackie D. Owens, seeks to appeal was entered on December 17, 2013. The Notice of Appeal was filed more than thirty (30) days from the date of entry of the December 17, 2013 judgment, even considering the date upon which it appears the appellant placed the Notice of Appeal in the mail for filing with the trial court clerk (August 26, 2014). See Tenn. R. App. P. 20(g). The appellee, Chattanooga-Hamilton County Hospital Authority, filed a motion to dismiss this appeal based upon the untimely filing of the Notice of Appeal. Because the Notice of Appeal was not timely filed, we have no jurisdiction to consider this appeal and grant the motion to dismiss.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

D. MICHAEL SWINEY, JOHN W. MCCLARTY, AND THOMAS R. FRIERSON, II, JJ.

Jackie D. Owens, Garden City, Georgia, appellant, *pro se.*

Arthur P. Brock and William J. Rieder, Chattanooga, Tennessee, for the appellee, Chattanooga-Hamilton County Hospital Authority.

## MEMORANDUM OPINION[1]

---

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Before transmission of the record for this appeal, the appellee filed its motion to dismiss asserting that the Notice of Appeal was filed several months after the January 16, 2014 deadline for filing a Notice of Appeal from the December 17, 2013 judgment. The judgment was made final by the trial court as to the parties to this appeal pursuant to Rule 54.02 of the Rules of Civil Procedure. The appellant argues that he never received a signed copy of the December 17, 2013 judgment from the trial court. However, the appellant acknowledges that he received a proposed version of the December 17, 2013 judgment from counsel for the appellee on December 16, 2013, which proposed judgment was signed by counsel as having been approved for entry. The appellant argues that this appeal should be allowed to proceed because he never received a copy of the December 17, 2013 judgment that was signed by the trial court judge.

Contrary to the position taken by the appellant, the effective date of entry of the judgment on appeal was December 17, 2013, the date upon which the judgment was "marked on the face by the clerk as filed for entry" because the judgment contained "the signatures of the judge and one party or counsel with a certificate of counsel that a copy of the proposed order ha[d] been served on all other parties or counsel." Tenn. R. Civ. P. 58(2). Only if requested by the appellant would the trial court clerk have been obligated to mail or deliver a copy of the judicially signed judgment to the appellant; however, "[t]he request and mailing, or failure to mail, [did] not affect the time for filing a post-trial motion . . . *or a notice of appeal*." Tenn. R. Civ. P. 58, Advisory Comm'n Comment to 2005 Amendment (emphasis added). As such, the fact that the appellant never received a judicially signed copy of the December 17, 2013 judgment from the trial court is of no consequence to the timeliness of his Notice of Appeal.

In order to be timely, a notice of appeal must "be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from." Tenn. R. App. P. 4(a). "The thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional in civil cases." *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004). Because the Notice of Appeal in this case was not filed until over eight (8) months after the effective date of entry of the December 17, 2013 judgment, we lack jurisdiction to consider the appeal. The motion to dismiss is granted and this appeal is dismissed. Costs on appeal are taxed to the appellant, for which execution may issue if necessary.

**PER CURIAM**