# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
January 9, 2015 Session

## BANK OF NEW YORK MELLON v. FRANCES HAMBY, et al.

**Appeal from the Chancery Court for Blount County**
**No. 2012050      Telford E. Forgety, Jr., Chancellor**

_____

### No. E2014-01952-COA-R3-CV-FILED-JANUARY 9, 2015

_____

The judgment from which the *pro se* appellants, Frances Hamby and Stephen Hamby, seek to appeal was entered on February 12, 2013. The Notice of Appeal was filed more than thirty (30) days from the date of entry of the judgment. The appellee, The Bank of New York Mellon, filed a motion to dismiss this appeal based upon the untimely filing of the Notice of Appeal. Because the Notice of Appeal was not timely filed, we have no jurisdiction to consider this appeal and grant the motion to dismiss.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

CHARLES D. SUSANO, JR., C.J., D. MICHAEL SWINEY, AND JOHN W. MCCLARTY, JJ.

Frances Hamby and Stephen Hamby, Maryville, Tennessee, appellants, *pro se.*

Peter L. Lublin and Jody C. Campbell, Peachtree Corners, Georgia, for the appellee, The Bank of New York Mellon.

### MEMORANDUM OPINION[1]

Before the record was transmitted to us, the appellee filed a motion to dismiss asserting that the Notice of Appeal was filed nearly twenty months after the date of entry of the subject judgment. The judgment was entered on February 12, 2013. The Notice of

_____

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Appeal was not filed by the appellants until October 8, 2014. The appellants have not responded to the appellee's motion to dismiss.

A notice of appeal must "be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from." Tenn. R. App. P. 4(a). "The thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional in civil cases." *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004).

Because the Notice of Appeal in this case was not filed until almost twenty months after the date of entry of the judgment to which it is directed, we lack jurisdiction to consider this appeal. The motion to dismiss is granted and this appeal is dismissed. Costs on appeal are taxed to the appellants, Frances Hamby and Stephen Hamby, for which execution may issue if necessary.

**PER CURIAM**