**FILED**

**June 19, 2015**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 8:30 AM**



## TENNESSEE DIVISION OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Employee: Cynthia King | ) | Docket No. 2014-06-0062 |
| | ) | |
| Employer: Letica Corporation | ) | State File No. 90963-2014 |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 19th day of June, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| **Cynthia King** | X | | | | X | 2un4getable@gmail.com 529 Gale Drive Clarksville, TN 37040 |
| **Frederick Hodge** | | | | | X | Fhodge@howell-fisher.com |
| **Kenneth M. Switzer, Chief Judge** | | | | | X | Via Electronic Mail |
| **Penny Shrum, Clerk, Court of Workers' Compensation Claims** | | | | | X | Penny.Patterson-Shrum@tn.gov |



Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: Matthew.Salyer@tn.gov

**FILED**

**June 19, 2015**

**TENNESSEE WORKERS' COMPENSATION APPEALS BOARD**

**Time: 8:30 AM**



# TENNESSEE DIVISION OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Employee: Cynthia King ) | Docket No. 2014-06-0062 |
| ) | |
| Employer: Letica Corporation ) | State File No. 90963-2014 |
| ) | |
| ) | |
| Appeal from the Court of Workers' ) | |
| Compensation Claims ) | |
| Kenneth M. Switzer, Chief Judge ) | |

---

Dismissed and Remanded – Filed June 19, 2015

---

## OPINION DISMISSING APPEAL OF INTERLOCUTORY ORDER OF COURT OF WORKERS' COMPENSATION CLAIMS

This interlocutory appeal involves an employee who alleges work-related cumulative trauma to her wrists and hands. The employer provided a panel of doctors from which the employee selected an authorized treating physician. The physician concluded that the employee's condition is not work-related, and the employer denied further workers' compensation benefits. The employee filed a Request for Expedited Hearing to determine whether the employer is obligated to provide medical and temporary disability benefits. The trial court concluded that the employee failed to rebut the statutory presumption that the authorized treating physician's causation opinion is correct and denied the employee's claim on grounds of compensability. The employee filed an Expedited Hearing Notice of Appeal sixteen days following the issuance of the trial court's expedited hearing order. We dismiss the appeal as untimely and remand the case for any further necessary proceedings.

Judge David F. Hensley delivered the opinion of the Appeals Board, in which Judge Timothy W. Conner, joined; Judge Marshall L. Davidson, III, not participating.

1

Cynthia King, Clarksville, Tennessee, employee-appellant, pro se

Frederick Hodge, Nashville, Tennessee, for the employer-appellee, Letica Corporation

## Procedural Background

On May 7, 2015, the Court of Workers' Compensation Claims conducted an expedited hearing to determine whether Letica Corporation ("Employer") is obligated to provide medical benefits and temporary disability to Cynthia King ("Employee") as a result of an alleged work-related cumulative trauma condition involving Employee's wrists and hands. Included in the medical records admitted into evidence at the hearing is a two-page report of Employee's December 29, 2014 visit with the authorized treating physician selected by Employee from a panel of physicians provided by Employer. The report includes the physician's opinion that Employee "does not appear to have work-related carpal tunnel syndrome," and it states that "[t]here does not appear to be anything specific to either hand [that] would be work related from my standpoint."

On May 12, 2015, the trial court issued an expedited hearing order finding that Employee failed to rebut the statutory presumption that the authorized treating physician's causation opinion is correct. *See* Tenn. Code Ann. § 50-6-102(13)(E) (2014). Concluding that Employee failed to demonstrate that she would likely prevail at a hearing on the merits as contemplated in Tennessee Code Annotated section 50-6-239(d)(1) (2014), the trial court's May 12, 2015 order denied Employee's request for benefits on the grounds of compensability. On May 28, 2015, Employee filed an Expedited Hearing Notice of Appeal challenging the denial of medical benefits for her alleged injury.

## Analysis

Tennessee Code Annotated section 50-6-217(a)(2) (2015) states that "[a]ny party aggrieved by an order for temporary disability or medical benefits or an order either awarding permanent disability or medical benefits or denying a claim for permanent disability or medical benefits issued by a workers' compensation judge may appeal the order to the workers' compensation appeals board by filing a notice of appeal on a form prescribed by the administrator." Subsection (a)(2)(A) addresses how review of an interlocutory order is to be accomplished:

> Within seven (7) business days after issuance of an interlocutory order for temporary disability or medical benefits by a workers' compensation judge, either party may appeal the interlocutory order by filing a notice of appeal with the clerk of the court of workers' compensation claims.

Tenn. Code Ann. § 50-6-217(a)(2)(A) (2015).

2

The trial court's expedited hearing order was issued on May 12, 2015, thereby requiring Employee to file a notice of appeal on or before May 21, 2015. The notice of appeal was filed on May 28, 2015, outside the time specified in section 50-6-217(a)(2)(A). The timely filing of a notice of appeal is "mandatory and jurisdictional in civil cases," *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004), including workers' compensation cases. *Trivett v. Litchfield*, No. E2000-01307–WC-R3-CV, 2002 Tenn. LEXIS 200 (Tenn. Workers' Comp. Panel, May 1, 2002); *Bates v. Command Center, Inc.*, No. 2014-06-0053, slip op. at 3 (Tenn. Workers' Comp. App. Bd. Apr. 2, 2015). Accordingly, the appeal is untimely.

## Conclusion

Employee's appeal is untimely and is dismissed. The case is remanded for any further proceedings that may be necessary.

David F. Hensley, Judge
**Workers' Compensation Appeals Board**

3