# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
Assigned on June 13, 2016

## KEITH C. CELEBREZZE v. ROBIN RUBEN FLORES, et al.

**Appeal from the Chancery Court for Hamilton County**
**No. 13-0631          Pamela A. Fleenor, Chancellor**

___

### No. E2016-00813-COA-R3-CV-FILED-JUNE 13, 2016

___

The final judgment from which the *pro se* appellant seeks to appeal was entered on March 22, 2016.   The Notice of Appeal received by the Clerk and Master on April 19, 2016, was submitted via facsimile transmission.   The appellant subsequently filed a second Notice of Appeal on May 31, 2016, more than thirty (30) days after entry of the March 22, 2016 judgment.   Because the second Notice of Appeal was not timely filed, and the first Notice of Appeal submitted by facsimile transmission was insufficient to invoke the jurisdiction of this Court, we have no jurisdiction to consider this appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

D. MICHAEL SWINEY, C.J., JOHN W. MCCLARTY, AND THOMAS R. FRIERSON, II, JJ.

Keith Celebrezze, Murphy, North Carolina, appellant, *pro se*.

John P. Konvalinka, Chattanooga, Tennessee, for the appellee, Robin Ruben Flores.

### MEMORANDUM OPINION[1]

___

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.   When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

By order entered on May 12, 2016, this Court directed the appellant to show cause why this appeal should not be dismissed because the Notice of Appeal submitted by facsimile transmission was insufficient to invoke this Court's jurisdiction. Rule 5A.02(4)(e) of the Rules of Civil Procedure explicitly states that "[t]he following documents shall not be filed in the trial court by facsimile transmission: . . . [a] notice of appeal." In response to the show cause order, the appellant advised the Court that he sent "a hard-copy of my Notice of Appeal" to the Clerk and Master on May 26, 2016, which the appellant asserted "resolves the issue addressed in your Order." However, in order to be timely, a notice of appeal must "be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from." Tenn. R. App. P. 4(a).

Given the express language of Rule 5A.02(4)(e), we cannot conclude that the Notice of Appeal submitted to the Clerk and Master on April 19, 2016, was actually "filed" for purposes of Rule 4(a) of the Rules of Appellate Procedure. As such, our jurisdiction to consider this appeal was never timely invoked by that Notice of Appeal pursuant to Rule 4(a). *See Davis v. Jackson Tenn. Hosp. Co., LLC*, No. W2009-02537-COA-R3-CV, 2010 WL 2812625, at * 3-4 (Tenn. Ct. App., Western Division, July 16, 2010). With regard to the Notice of Appeal subsequently submitted by the appellant on May 26, 2016, and filed by the Clerk and Master on May 31, 2016, "[t]he thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional in civil cases." *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004).

Because the only Notice of Appeal actually filed in this case was filed more than thirty (30) days after the date of entry of the order on review, we lack jurisdiction to consider the appeal. This appeal is dismissed. Costs on appeal are taxed to the appellant, Keith Celebrezze, for which execution may issue if necessary.

**PER CURIAM**