
# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
December 20, 2016 Session

## VALERIE ISRAEL, ET AL. v. BRYAN YORK, ET AL.

### Appeal from the Circuit Court for Washington County
### No. 36055    James E. Lauderback, Judge

### No. E2016-02312-COA-R3-CV

The *pro se* appellants, Bryan York and Anna Eastwood, appeal from a final order entered on October 17, 2016. The Notice of Appeal was not filed until November 18, 2016, more than thirty (30) days from the date of entry of the final order. The appellees, Valerie Israel and Russ Israel, have filed a motion to dismiss this appeal arguing, among other things, that the Notice of Appeal was not timely filed. Because it appears from the attachments to the motion that the Notice of Appeal was not timely filed, we have no jurisdiction to consider this appeal and grant the motion to dismiss.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

THOMAS R. FRIERSON, II, J., D. MICHAEL SWINEY, C.J., AND CHARLES D. SUSANO, JR., J.

Bryan York, Charlotte, North Carolina, appellant, *pro se*.

Anna Eastwood, Jonesborough, Tennessee, appellant, *pro se*.

William S. Nunnally, Greeneville, Tennessee, for the appellees.

### MEMORANDUM OPINION[1]

---

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

A notice of appeal must "be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from." Tenn. R. App. P. 4(a). "The thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional in civil cases." *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004). The appellants have not filed a response to the motion to dismiss and the certified copy of the final order attached to the motion confirms that the date of entry of the final order was October 17, 2016.

Because the Notice of Appeal in this case was not timely filed, we lack jurisdiction to consider this appeal. The motion to dismiss is granted with regard to the argument that the Notice of Appeal was not timely filed and this appeal is dismissed. As such, we need not address the additional argument raised in the motion. Costs on appeal are taxed to the appellants, for which execution may issue if necessary.

**PER CURIAM**