# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned

## ROCKY GLEN ROSS v. DONNA ANGELA ROSS

**Appeal from the General Sessions Court for Morgan County**
**No. 0157D      Michael A. Davis, Judge**

---

**No. E2010-01877-COA-R3-CV - Filed March 11, 2011**

---

The order from which the appellant Donna Angela Ross seeks to appeal was entered on Monday, August 2, 2010. A notice of appeal was filed by the appellant on Friday, September 3, 2010, the 32nd day following the entry of the trial court's order.[1] Because the notice of appeal was not filed timely, we have no jurisdiction to consider this appeal. Accordingly, this appeal is dismissed.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

D. MICHAEL SWINEY, J., HERSCHEL P. FRANKS, P.J., and JOHN W. MCCLARTY, J.

Margaret Jane Powers, Crossville, Tennessee, for the Appellant, Donna Angela Ross.

John Mark McFarland, Kingston, Tennessee, for the Appellee, Rocky Glen Ross.

---

[1] Appellant also filed an amended notice of appeal on November 1, 2010.

# MEMORANDUM OPINION[2]

On February 15, 2011, this Court entered an order directing appellant to show cause why her appeal should not be dismissed as having been untimely filed. In her response to this Court's order to show cause, appellant makes two arguments in support of her assertion that her appeal was filed timely.

First, appellant argues that her notice of appeal was timely filed per the date of the "requested mailing or delivery." In support of this argument, appellant quotes from the version of Tenn. R. Civ. P. 58 that was in effect in 2004. Appellant has failed to recognize, however, that Tenn. R. Civ. P. 58 was amended in 2005 and the portion of the rule that she quotes was specifically changed to omit the language upon which she relies. The current version of Tenn. R. Civ. P. 58 no longer tolls the time for filing a notice of appeal until the date of the requested mailing or delivery, and goes directly against appellant's argument.

Second, appellant argues that her motion for consideration of post-judgment facts filed in this Court with regard to a prior appeal that had been dismissed by this Court should be treated as a notice of appeal because, she asserts, that it contained all of the required elements of a notice of appeal pursuant to Tenn. R. App. P. 3(f). Appellant asserts that since her motion for consideration of post-judgment facts was filed within the time period for filing a notice of appeal that the motion should be considered as her notice of appeal. Appellant has, however, missed a critical fact. Her motion for consideration of post-judgment facts was filed with this Court, not the Trial Court. In pertinent part, Tenn. R. App. P. 3(e) provides that:

> An appeal as of right to the Supreme Court, Court of Appeals, or Court of Criminal Appeals shall be taken by timely filing a notice of appeal with the *clerk of the trial court* as provided in Rule 4 and by service of the notice of appeal as provided in Rule 5.

---

[2] Rule 10 of the Rules of the Court of Appeals provides: "This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION,' shall not be published, and shall not be cited or relied on for any reason in any unrelated case."

Tenn. R. App. P. 3(e) (emphasis added). Thus, appellant's motion for consideration of post-judgment facts cannot serve as a notice of appeal even if it did contain the required elements of a notice of appeal.[3] Thus, this argument also fails.

Our jurisdiction of a Tenn. R. App. P. 3 appeal as of right is dependent upon the timely filing of a notice of appeal. *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004). In the instant case, the day the relevant order was entered, *i.e.*, August 2, 2010, is not counted in determining the last day of the 30-day period of time for filing of a notice of appeal. *See* Tenn. R. App. P. 21(a). Therefore, there were 29 days left in August and 1 day in September within which the Appellant could file her notice. Hence, the last day the notice could be timely filed was Wednesday, September 1, 2010. It follows that the notice of appeal filed September 3, 2010, was not timely filed.[4] We have no jurisdiction to hear the appellant's appeal.

The appeal of Donna Angela Ross is dismissed with costs on appeal taxed to her.

PER CURIAM

---

[3] We make no determination whatsoever regarding whether the motion for consideration of post-judgment facts did, or did not, contain the elements required in a notice of appeal.

[4] Obviously, Appellant's amended notice of appeal filed even later on November 1, 2010, also was not timely filed.