# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### July 22, 2015 Session

## BARBARA A. MILLER v. MYRON B. MCCLARY, II

**Appeal from the Circuit Court for Blount County**
**No. L13037    David Reed Duggan, Judge**

---

**No. E2015-01027-COA-R3-CV – Filed July 22, 2015**

---

The final order from which the *pro se* appellant seeks to appeal was entered on April 20, 2015.  The Notice of Appeal was not filed until May 22, 2015, more than thirty (30) days from the date of entry of the final order.  The appellees have filed a joint motion to dismiss this appeal based upon the untimely filing of the Notice of Appeal.  Because the Notice of Appeal was not timely filed, we have no jurisdiction to consider this appeal and grant the motion to dismiss.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOHN W. MCCLARTY, J., CHARLES D. SUSANO, JR., C.J., AND THOMAS R. FRIERSON, II, J.

Myron B. McClary, II, Knoxville, Tennessee, appellant, *pro se.*

John K. King, Knoxville, Tennessee, for the appellee, Barbara A. Miller.

Jerry M. Martin, Knoxville, Tennessee, for the appellee, Allstate Insurance Company.

# MEMORANDUM OPINION[1]

A notice of appeal must "be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from." Tenn. R. App. P. 4(a). "The thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional in civil cases." *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004). The appellant has filed no response to the appellees' motion to dismiss and the Trial Court Clerk has confirmed that the date of entry of the final order was April 20, 2015.

Because the Notice of Appeal in this case was not timely filed, we lack jurisdiction to consider this appeal. The motion to dismiss is granted and this appeal is dismissed. Costs on appeal are taxed to the appellant, for which execution may issue if necessary.

**PER CURIAM**

---

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.