.IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 3, 2025

## KENT E. BARTON, JR. v. CANDAYCE J. KELLER

**Appeal from the Juvenile Court for Shelby County**
**No. FF9126  Tarik B. Sugarmon, Judge**

_____

**No. W2024-00735-COA-R3-JV**

_____

Petitions involving child custody and support were filed in juvenile court. After a juvenile court magistrate ruled on the custody issues, Father filed a request for rehearing before the juvenile court judge under Tennessee Code Annotated section 37-1-107(d)(1)(E). The juvenile court judge affirmed the decision of the magistrate without explanation or addition. Because neither the juvenile court magistrate nor the juvenile court judge adjudicated the pending child support matter, we dismiss this appeal for lack of subject matter jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal is Dismissed**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and JOHN W. MCCLARY, J., joined.

Rachael E. Putnam, Memphis, Tennessee, for the appellant, Kent E. Barton, Jr.

Paola Palazzolo-West, Memphis, Tennessee, for the appellee, Candayce J. Keller.

## OPINION

### I. FACTUAL AND PROCEDURAL HISTORY

The child at issue was born to unmarried parents Plaintiff/Appellant Kent E. Barton, Jr. ("Father") and Defendant/Appellee Candayce J. Keller ("Mother") in September 2018. Father executed a Voluntary Aknowledgement of Paternity at the time of her birth. For the first six months after the child's birth, Mother and the child resided with Father. Mother stayed home to care for the infant, while Father financially supported the family. In May 2019, Mother moved from Father's residence to the residence of the child's paternal

grandfather. Despite no longer cohabitating, the parties worked together amicably, and each parent enjoyed roughly equal parenting time with the child. However, no court-ordered parenting plan was ever put in place, and no child support was paid by either party.[1]

The tenor of the relationship changed, however, in the fall of 2022 and the spring of 2023, after some incidents where the parties began to lose trust in each other. As a result, Father refused to allow his elder daughter to visit with Mother,[2] and Mother unilaterally changed the parenting schedule for the subject child, ultimately resulting in a reduction in Father's parenting time when school began in 2023.

While these events were taking place, Mother, by and through the State of Tennessee, filed a petition to set child support in the Shelby County Juvenile Court ("the trial court") on May 22, 2023. Then, on June 22, 2023, Father filed his own petition asking that the trial court formally impose an equal parenting schedule consistent with what he asserted had historically been in place.[3] Father also responded to the child support petition, asking that it be decided in conjunction with the custody matter.

A hearing was held before a juvenile court magistrate on February 16, 2024. Mother, Father, and Father's wife testified. On March 26, 2024, the magistrate filed an order adjudicating the custody issues. In his detailed findings of fact and conclusions of law, the magistrate found that both parties were credible and truthful witnesses and that they successfully co-parented on an equal or near-equal basis until April 2023, when Mother began making changes to the parenting schedule, ultimately resulting in a non-equal distribution of parenting time beginning in after the summer of 2023. After considering the best interest factors, all of which were either equal or favored Mother, the magistrate concluded that an equal parenting schedule was not in the child's best interest during the school year. So the magistrate fashioned a parenting plan in which Father was awarded three weekends per month, as well as equal parenting time during summer vacation and holidays. The magistrate awarded Mother final decision-making authority over educational, religious upbringing, extracurricular activity, and medical decisions, provided that she must confer with Father in good faith prior to making decisions. The magistrate also ruled that Father would have the right to reasonable phone contact with the child, which amounted to two calls for fifteen minutes each during the week. Finally, the magistrate awarded Mother a portion of her attorney's fees. The magistrate did not, however, rule on the parties' child support obligations.

On April 11, 2024, Father filed a request for rehearing pursuant to Tennessee Code Annotated section 37-1-107. Mother objected that the request for rehearing was untimely.

---

[1] The parties did agree to share expenses, including tuition and medical expenses.
[2] This child is not at issue in this appeal.
[3] The request for child support and the custody matter were filed under the same juvenile court docket number.

The juvenile court judge denied Father's request by order of April 22, 2024, affirming the magistrate's findings in all respects. This appeal followed.

## II. ISSUES PRESENTED

In this appeal, Father raises two issues, which we restate:

1. Whether the trial court abused its discretion in entering a parenting plan in which Father was awarded less than equal parenting time during the school year.
2. Whether the trial court abused its discretion by awarding Mother final decision-making authority.

In the posture of appellee, Mother requests an award of her attorney's fees incurred on appeal.

## III. ANALYSIS

Before we can address the substantive issues raised by the parties, we must first address some procedural issues—subject matter jurisdiction and the juvenile court judge's findings. As previously discussed, Mother argued in the trial court that Father's motion to rehear the juvenile court magistrate's ruling was not timely. *See* Tenn. Code Ann. § 37-1-107(d)(1) (giving the parties ten days following "the entry of the magistrate's order" to file a request for rehearing). The juvenile court judge affirmed the magistrate's ruling without addressing Mother's argument; Mother does not reiterate her objection in this appeal.

However, this Court has a duty under Rule 13(b) of the Tennessee Rules of Appellate Procedure to consider our subject matter jurisdiction, whether or not presented for review. *See* Tenn. R. App. P. 13(b) ("Review generally will extend only to those issues presented for review. The appellate court shall also consider whether the trial and appellate court have jurisdiction over the subject matter, whether or not presented for review . . . ."). It is certainly arguable that a failure to timely file a petition to rehear within ten days renders a magistrate's ruling final, thereby trigging the thirty-day time period for filing an appeal to this Court. *See* Tenn. Code Ann. § 37-1-107(e) ("If no review before the judge is requested, or a review is expressly waived by all parties within the specified time period, then the magistrate's order becomes the order of the court. A party may appeal the order pursuant to § 37-1-159."); *see also* **In Re Kendall R. et al.**, No. M2020-01226-COA-R3-JV, 2022 WL 609602, at \*3 (Tenn. Ct. App. Mar. 2, 2022) ("[I]f no request for a rehearing before a judge was filed within ten days, the magistrate's order became a final order of the Juvenile Court on [the date it was entered]," thus triggering the time for appeal). And because Father did not appeal to this Court within forty days of the filing of the magistrate's order, this failure could arguably deprive this Court of subject matter jurisdiction. *See* **In re Conservatorship of Robinson**, No. E2024-01702-COA-R3-CV, 2025 WL 327371, at \*1 (Tenn. Ct. App. Jan. 29, 2025) ("The thirty-day time limit for filing a notice of appeal

is mandatory and jurisdictional in civil cases. If a notice of appeal is not filed in a civil case in a timely fashion from the date of entry of the final judgment, we are not at liberty to waive the procedural defect and must dismiss the appeal." (internal quotation marks and citation omitted) (quoting **Albert v. Frye**, 145 S.W.3d 526, 528 (Tenn. 2004))). But we need not resolve that issue in this particular appeal for two reasons.

First, to the extent that the magistrate's order was subject to rehearing under section 37-1-107(d), Father's motion was indeed timely filed. Although the magistrate's order was signed on March 25, 2024, and stamped filed on March 26, 2024, it was not signed by counsel for either party and no certificate of service was included until April 12, 2024. Importantly, Rule 58 of the Tennessee Rules of Civil Procedure provides that "entry of a judgment or an order of final disposition or any other order of the court is effective when" it is marked as filed, signed by the judge, and, inter alia, accompanied by a certificate of service from the clerk. Tenn. R. Civ. P. 58. And Rule 101 of the Tennessee Rules of Juvenile Practice and Procedure states that the Tennessee Rules of Civil Procedure apply to juvenile court actions involving parentage and child custody. *See* Tenn. R. Juv. Prac. & Proc. 101(3)(B) & (D). Thus, Father's request to rehear was properly filed within ten days of the effective entry of the magistrate's judgment.

Even more importantly, however, we must conclude that the magistrate's order did not fully adjudicate all of the matters before him. Here, two matters were before the juvenile court: child custody/visitation and child support. The magistrate clearly resolved all of the custody and visitation issues in his detailed order. But the magistrate's order simply does not adjudicate the issue of child support. Indeed, the magistrate's order specifically reserved the issue of child support, stating: "This is a final order intended to resolve all matters other than child support and any matters other than child support not specifically addressed herein are dismissed." No further orders were entered by the magistrate, resolving the child support question or otherwise.

While it is true that section 37-1-107(d) does not expressly state to which orders it applies, this Court has previously construed the rehearing procedure as applicable to only final judgments. *See* **Cipolla v. Coutras**, No. M2023-00890-COA-R3-JV, 2024 WL 3672068, at *1 (Tenn. Ct. App. Aug. 6, 2024) ("Tennessee Code Annotated section 37-1-107(d) . . . provides an avenue for juvenile court judges to review a juvenile court magistrate's *final* order." (emphasis added)); *see also* Tenn. Code Ann. § 37-1-107(f) (stating that there is no rehearing of a magistrate's decision "on any preliminary matter"). And this Court has repeatedly held that the failure to address a pending request for child support renders a custody order non-final. As we explained,

> A parenting plan that does not contain a determination of child support does not define or adjudicate the parties' rights with regard to all of the issues. *See* **Hensley v. Hensley**, No. E2017-00354-COA-R3-CV, 2017 WL 5485320, at *7 (Tenn. Ct. App. Nov. 15, 2017); **In re Gabrielle R.**, No.

- 4 -

W2015-00388-COA-R3-JV, 2016 WL 1084220, at *1 (Tenn. Ct. App. Mar. 17, 2016). For this reason, we have held before that when a trial court reserves the issue of child support, there is no final order for appeal. *See* ***Solima v. Solima***, No. M2017-01924-COA-R3-CV, 2018 WL 6338345, at *2–3 (Tenn. Ct. App. Dec. 5, 2018) (concluding that there was no final judgment where the trial court directed the father to "file a [p]etition in the IV-D Court to have child support calculated"). Here, the trial court's bifurcation and transfer of the child support determination left the issue unadjudicated and unresolved. Thus, there is no final, appealable order.

***Reese v. Reese***, No. E2022-01116-COA-R3-CV, 2023 WL 6157248, at *2 (Tenn. Ct. App. Sept. 21, 2023), *perm. app. denied* (Tenn. Mar. 6, 2024). Without an order fully addressing the question of child support, it does not appear that Father's duty to file a motion to rehear under section 37-1-107(d) was even triggered.

Moreover, even if section 37-1-107(d) does not require a final order, this Court clearly does. Pursuant to Tennessee Code Annotated section 37-1-159, appeals in civil matters such as this "are governed by the Tennessee Rules of Appellate Procedure." With some exceptions not applicable here, Rule 3 of the Tennessee Rules of Appellate Procedure provides that an appeal lies only from a final judgment—that is, an order that adjudicates all the claims of all the parties, leaving nothing further for the court to do. Tenn. R. App. P. 3(a); ***Creech v. Addington***, 281 S.W.3d 363, 377 (Tenn. 2009) ("A judgment is final in Tennessee 'when it decides and disposes of the whole merits of the case leaving nothing for the further judgment of the court.'" (quoting ***Richardson v. Tenn. Bd. of Dentistry***, 913 S.W.2d 446, 460 (Tenn. 1995))). Neither the juvenile court magistrate nor the juvenile court judge appears to have entered an order resolving the issue of child support. As such, no final, appealable judgment was entered to which our jurisdiction could attach.

While it is true that this Court may suspend the finality requirements for good cause, *see* ***Bayberry Assocs. v. Jones***, 783 S.W.2d 553, 559 (Tenn. 1990) (citing Tenn. R. App. P. 2), we conclude that none exists here. In particular, we are concerned that the juvenile court judge failed to comply with Tennessee Code Annotated section 37-1-107(d). A review of that statute is therefore helpful.

Section 37-1-107(d)(1) provides as follows:

(A) A party may, within ten (10) days after entry of the magistrate's order, file with the court a written request for a review of the record by the juvenile court judge. The request must include written exceptions to the magistrate's findings, conclusions, or recommendations, and specify the findings to which the party objects, the grounds for the objection, and the party's proposed findings, conclusions, or recommendations.
(B) The juvenile court judge shall not grant a review when the party

requesting the review did not participate in the hearing before the magistrate in good faith.

(C) A review by the juvenile court judge is not a hearing and is limited to those matters for which exceptions have been filed.

(D) The juvenile court judge shall afford the magistrate's findings, conclusions, and recommendations a presumption of correctness. The judge shall modify the magistrate's findings only when, after review, the judge makes a written finding that an abuse of discretion exists in any or all of the magistrate's findings, conclusions, or recommendations.

(E) The judge shall issue written findings, conclusions, or recommendations, or may schedule the matter for a new hearing of any issues the judge deems necessary, with notice to all parties.

Tenn. Code Ann. § 37-1-107(d)(1).[4]

From our research, it appears that this is the first case to directly address what duty is imposed by subsections (D) and (E). In resolving this issue, we keep in mind that "[t]he words used in a statute are to be given their natural and ordinary meaning, and, because 'words are known by the company they keep,' we construe them in the context in which they appear and in light of the general purpose of the statute." *Wallace v. Metro. Gov't of Nashville*, 546 S.W.3d 47, 52 (Tenn. 2018) (quoting *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 526 (Tenn. 2010)). "Our 'overarching purpose in construing statutes is to ascertain and effectuate legislative intent, without expanding a statute beyond its intended scope.'" *Funk v. Scripps Media, Inc.*, 570 S.W.3d 205, 219 (Tenn. 2019) (quoting *Ray v. Madison Cnty.*, 536 S.W.3d 824, 831 (Tenn. 2017)).

Turning to the language of the statute, each of these subsections provides that the juvenile court judge "shall" make certain findings, conclusions or recommendations. Subsection (D)'s "written finding" provision is only applicable when the judge finds an abuse of discretion in the magistrate's ruling. Subsection (E), however, states that the juvenile court judge "shall" make "written findings, conclusions, or recommendations" without specifying that those findings or conclusions are required only when the magistrate's ruling is reversed. *See Coleman v. State*, 341 S.W.3d 221, 241 (Tenn. 2011) ("Just as we may not overlook or ignore any of the words in a statute, we must be circumspect about adding words to a statute that the General Assembly did not place there." (internal citations omitted)). It therefore appears that subsection (D) applies irrespective of whether the magistrate's ruling is affirmed, reversed, or modified. *See State v. Gibson*, 506 S.W.3d 450, 457 (Tenn. 2016) (noting that in construing statutory language, courts "are

_____

[4] This procedure was adopted by virtue of an April 2023 amendment to section 37-1-107. *See generally In re Henry W.H.*, No. W2023-01234-COA-R9-JV, 2024 WL 4824632, at *3 (Tenn. Ct. App. Nov. 19, 2024). Under the prior version of the statute, the juvenile court judge was required to conduct a de novo hearing following a request to rehear a magistrate's ruling. *Id.* (citing Tenn. Code Ann. § 37-1-107(d) (2022)).

not free to alter, amend, or depart from the words of the statute" (citing ***Gleaves v. Checker Cab Transit Corp.***, 15 S.W.3d 799, 803 (Tenn. 2000))).

Moreover, Tennessee courts have repeatedly held that similar language in rules and statutes that a trial court "shall" make findings and conclusions or state legal grounds imposes a mandatory duty on ruling courts to do so. *See, e.g.*, ***Smith v. UHS of Lakeside, Inc.***, 439 S.W.3d 303, 313 (Tenn. 2014) (holding that Rule 56.04 of the Tennessee Rules of Civil Procedure, which states that the trial court "shall" state the legal grounds for granting or denying a motion for summary judgment, is mandatory); ***Burris v. Burris***, 512 S.W.3d 239, 254 (Tenn. Ct. App. 2016) (holding that Rule 52.01 of the Tennessee Rules of Civil Procedure, which states that trial courts "shall" make findings of facts and conclusions of law in bench trials, is mandatory); ***In re Glenn B. et al.***, No. M2023-00096-COA-R3-PT, 2023 WL 8369209, at *8 (Tenn. Ct. App. Dec. 4, 2023) (holding that Tenn. Code Ann. § 36-1-113(k), which states that the trial court adjudicating a petition to terminate parental rights "shall" make specific findings of fact and conclusions of law, is mandatory).

When courts have such a mandatory obligation, "[s]imply stating the trial court's decision, without more, does not fulfill" that duty. ***Gooding v. Gooding***, 477 S.W.3d 774, 782 (Tenn. Ct. App. 2015) (quoting ***Barnes v. Barnes***, No. M2011-01824-COA-R3-CV, 2012 WL 5266382, at *8 (Tenn. Ct. App. Oct. 24, 2012)). Instead, the trial court's ruling must explain how the court reached its decision. *See, e.g.*, ***UHS of Lakeside***, 439 S.W.3d at 314 (holding that a trial court's ruling on a summary judgment motion should be "adequately explained and . . . the product of the trial court's independent judgment"); ***Gooding***, 477 S.W.3d at 782 ("While there is no bright-line test by which to assess the sufficiency of the trial court's factual findings, the general rule is that the findings of fact must include as much of the subsidiary facts as is necessary to disclose to the reviewing court the steps by which the trial court reached its ultimate conclusion on each factual issue." (internal quotation marks and citation omitted)). Thus, while the April 2023 amendment to section 37-1-107(d) significantly reduced the juvenile judge's responsibilities upon rehearing, it did not eliminate the duty to independently review the magistrate's ruling and make appropriate findings of fact, conclusions of law, or recommendations following that review. Indeed, in many ways, the duty imposed on the juvenile court judge is similar to the duty of this Court in adjudicating this appeal.[5]

Respectfully, the trial court in this case did not fulfill this duty, as it did nothing more than simply state its decision without explanation. Indeed, although Father filed a

---

[5] This procedure is also similar to the procedure whereby a chancery court reviews the decision of any agency under the Uniform Administrative Procedures Act. *See* Tenn. Code Ann. § 4-5-322(j) ("The reviewing court shall reduce its findings of fact and conclusions of law to writing and make them parts of the record."). We have likewise held that such findings and recommendations are required by the language of section 4-5-322(j). *See* ***Parker v. Shelby Cnty. Gov't Civ. Serv. Merit Bd.***, 392 S.W.3d 603, 615 (Tenn. Ct. App. 2012).

lengthy objection to the magistrate's ruling alleging a host of errors, the trial court's decision comprises only one sentence: "The Court has reviewed the magistrate's order, the pleadings and entire file and finds no abuse of discretion exists in any or all of the magistrate's findings, conclusions, or recommendations." Thus, the trial court's ruling contains a single unsupported conclusion and no factual findings of any kind. Moreover, the trial court's ultimate conclusion is not explained in any way. As a result, the trial court's decision does not comply with the mandatory language of section 37-1-107(d)(1)(E). Under these circumstances, we have held that it is often appropriate to vacate the judgment and remand to the trial court for the entry of a more detailed order. *See, e.g.*, **UHS of Lakeside**, 439 S.W.3d at 314; **Trezevant v. Trezevant**, 568 S.W.3d 595, 623 (Tenn. Ct. App. 2018); **Parker**, 392 S.W.3d at 615.[6]

In sum, the order appealed is not final because nothing in the record indicates that the issue of child support was fully adjudicated. Moreover, the trial court failed to comply with section 37-1-107(d)(1)(E)'s mandate to enter an order containing written findings, conclusions, or recommendations.[7] In light of these errors, we conclude that no good cause exists for which to waive the final judgment requirement or to soldier on in spite of the lack of required findings. We therefore dismiss this appeal and remand for further proceedings before the trial court. Should either party properly petition for rehearing before the juvenile court judge, the judge should consider the mandatory requirements of section 37-1-107(d)(1)(E) in ruling on the request for rehearing.[8]

## IV. CONCLUSION

Based on the foregoing, this appeal is dismissed for lack of subject matter jurisdiction. Costs of this appeal are taxed one-half to Appellant Kent E. Barton, Jr., and one-half to Appellee Candayce J. Keller, for which execution may issue, if necessary.

---

[6] While we may sometimes "soldier on" in spite of deficient findings, *see, e.g.*, **Trezevant**, 568 S.W.3d at 623, this Court has held that it was inappropriate to do so in termination of parental rights cases given the context and the language of section 36-1-113(k). *See* **In re Alexis S.**, No. E2018-01989-COA-R3-PT, 2019 WL 5586820, at *9 (Tenn. Ct. App. Oct. 29, 2019) (holding that when faced with a failure to comply with section 36-1-113(k), "we may not 'soldier on' to make our own findings of fact"). Certainly, this case does not involve the serious ramifications present in a termination of parental rights case. But the mandate of section 37-1-107(d)(1)(E) is likewise contained in a statute, not a rule of civil procedure. And we may "presume that the General Assembly is aware of the manner in which the courts have construed the statutes it has enacted." **Lee Med.**, 312 S.W.3d at 527. Thus, there is further support for the notion that remand is the proper remedy for failure to comply with section 37-1-107(d)(1)(E).

[7] Although the juvenile court judge's failure to comply with section 37-1-107(d)(1)(E) does not implicate this Court's subject matter jurisdiction, we have previously held that the trial court's failure to make necessary findings may be raised sua sponte by this Court. *See* **Burris**, 512 S.W.3d at 254.

[8] In light of our ruling, we do not reach the substantive issues in this case, including Mother's request for attorney's fees incurred on appeal.

_s/ J. Steven Stafford_

J. STEVEN STAFFORD, JUDGE