IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
September 16, 2025 Session

## IN RE THE CONSERVATORSHIP OF JOAN PERRETT GASKIN

**Appeal from the Chancery Court for Tipton County**
**No. 38559     William C. Cole, Chancellor**

_____

### No. W2024-00364-COA-R3-CV

_____

In this conservatorship action, the trial court's appointment of the ward's stepdaughter as conservator has been appealed by the ward's nephew and ostensibly the ward herself. Because the record leaves us unable to discern the basis of the trial court's decisions, we vacate the trial court's ruling and remand for the entry of an appropriate order.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated and Remanded**

J. STEVEN STAFFORD, P.J.,W.S., delivered the opinion of the court, in which ANDY D. BENNETT, and KENNY ARMSTRONG, JJ., joined.

Jimmie D. Drewry, Memphis, Tennessee, for the appellants, James Warner and Joan Perrett Gaskin.[1]

Rikki Lyn Herbert and Shelby Combs, Atoka, Tennessee, for the appellee, Rachel Swaner.

Jeff Ward, Munford, Tennessee, Attorney Ad Litem.[2]

### MEMORANDUM OPINION[3]

---

[1] Some dispute has been raised as to whether Attorney Drewry is authorized to represent Ms. Gaskin in this appeal. Based on our conclusion, *infra*, that the notice of appeal was effective in relation to Mr. Warner, as well as our ultimate decision as to this appeal, we need not reach this issue.

[2] Attorney Ward elected not to file an appellate brief in this cause based on the stated belief that "the Appellee's Brief will be sufficient to articulate and describe the position of the Attorney ad litem[.]"

[3] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall

# I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner/Appellee Rachel Swaner ("Appellee") filed a petition for appointment of conservator and appointment of emergency conservator in the Tipton County Chancery Court ("the trial court") on January 22, 2024. Therein, Appellee alleged that her stepmother, Respondent/Appellant Joan Perrett Gaskin ("Appellant Gaskin"), was a "person who by reason of advanced age and/or mental infirmity is unable to manage her own affairs." The petition stated that Appellant Gaskin was presently living in a rehabilitation facility recuperating from injuries sustained in a fall in December 2023, but that Appellant Gaskin was scheduled to be discharged from the facility on February 15, 2024. Appellee also alleged that to the extent that Appellant Gaskin's nephew, Appellant James Warner ("Appellant Warner"), possessed her power of attorney ("POA"), such authority had been obtained during Appellant Gaskin's state of diminished capacity.[4]

Included with the petition was a medical examination report from Appellant Gaskin's doctor, Dr. Michael S. Craig, which indicated that Appellant Gaskin had physical and mobility impairments, cognitive impairments, short- and long-term memory loss, impaired decision-making abilities, and a chronic medical condition. As part of the report, Dr. Craig opined that Appellant Gaskin required a conservator, including to assist with driving, the activities of daily living, and medical, financial, and legal decisions.

Ultimately, Appellee sought to be named Appellant Gaskin's conservator and to be named emergency conservator without notice to Appellant Gaskin based on Appellant Gaskin's impending discharge from the rehabilitation facility. Appellee also sought to have a guardian ad litem ("GAL") and an attorney ad litem ("AAL") appointed for Appellant Gaskin.

The trial court appointed Appellee as emergency conservator for Appellant Gaskin by order of January 25, 2024. Jeff Ward was appointed as AAL, and Lauren Raynor was appointed GAL. The order required that Appellant Gaskin be served with the petition and the order within forty-eight hours of its entry.

On February 1, 2024, Appellant Warner filed a motion through attorney Jimmie D. Drewry seeking the dismissal of the emergency conservatorship. The motion alleged that Appellant Warner had been named Appellant Gaskin's POA in September 2022. The motion also alleged that Appellant Gaskin had not been properly served after the entry of the January 25, 2024 order, such that the emergency conservatorship was rendered void by

---

be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[4] The petition listed Appellant Warner as Appellant Gaskin's closest relative and indicated that he would be notified of the conservatorship proceedings.

statute. Included with the motion was a durable POA for healthcare dated September 2, 2022, naming Appellant Warner as Appellant Gaskin's attorney in fact. The POA was signed by Appellant Gaskin and notarized by Attorney Drewry.

The hearing on the emergency conservatorship took place as scheduled on February 1, 2024. By order of February 7, 2024, the trial court held that the appointment of Appellee as emergency conservator was appropriate and should continue.

Several other documents were filed on February 7, 2024. First, Appellant Gaskin filed a response to the conservatorship petition through Attorney Ward. Therein, Appellant Gaskin denied that she required a conservator over any part of her finances, living arrangements, or physical care. Next, Appellee's counsel filed a motion to disqualify Attorney Drewry as attorney for Appellant Warner. The motion alleged that Attorney Drewry appeared to be "involved in the events underlying the current matter" and "may have first-hand knowledge that makes him likely to be a necessary witness." Then, through Attorney Drewry, Appellant Warner filed a motion to appoint himself as Appellant Gaskin's conservator either through the September 2022 POA or as her closest living relative.

The matter was heard as scheduled on February 8, 2024. By order of February 14, 2024, the trial court held that "the appointment of [Appellee] as Emergency Conservator of [Appellant Gaskin] on January 25, 2024 shall be set aside for improper service; *and is void*" and that Appellant Warner was "enjoined from acting under his [POA] to access [Appellant Gaskin's] finances[.]" (Emphasis added to delineate handwritten language). The final hearing was set for February 14, 2024. Attorney Drewry, as counsel for Appellant Warner, was included among the parties that had approved the order for entry.

The trial court's final order establishing a conservatorship for Appellant Gaskin was also entered on February 14, 2024. The trial court granted Appellee's motion to disqualify Attorney Drewry and denied Appellant Warner's motion to be appointed conservator. The trial court found that Appellant Gaskin had been properly served and that a conservatorship was required. The trial court appointed Appellee as conservator for Appellant Gaskin and directed the GAL and the AAL to remain on the matter. Finally, the trial court held that "[a]ll existing Powers of Attorney, both financial and medical, whether durable or not, regarding [Appellant Gaskin], are void."

On March 8, 2024, Attorney Drewry filed a notice of appeal on behalf of "[Appellant] Gaskin and [Appellant] Warner, next of kin and holder of Durable [POA] for Health Care for [Appellant] Gaskin[.]"

## II. ISSUES PRESENTED

Appellant Warner and Appellant Gaskin (together, "Appellants") raise the

following issues on appeal, taken from their brief with minor alterations as to form:

1. Whether the Court erred when it failed to recognize Appellant James F. Warner as Appellant Gaskin's health care provider as named in Appellants' Durable Power of Attorney that was not objected and that complied with statutory law in Tennessee.
2. Whether the Court erred when it proceeded with the conservatorship hearing when the court never obtained personal jurisdiction over [Appellant Gaskin] and in violation of the rights of Appellant Gaskin State Statutes and Appellants' Federal and State Constitutional Rights to due process to wit:
    a. [Appellant Gaskin] was not served with proper process.
    b. The hearing was held without Appellant Gaskin being present.
    c. Appellant Gaskin was not allowed to choose the Attorney of her choice.
    d. Appellant Gaskin was not allowed to cross-examine witness against her.
    e. The hearing was held within 6 days of service of process not seven as provided by statute even if service of process was valid.
3. Whether the Court erred when it ruled that Appellant Warner's Attorney, Jimmie D. Drewry could not represent him in the case based on [Appellee's] allegation that Attorney Drewry may be a possible witness in the case.

Additionally, Appellee has moved to dismiss the appeal, arguing that (1) Appellant Warner does not have standing to appeal because he did not file a motion to intervene in the trial court and is therefore not a party of record in this case and (2) Appellant Gaskin remains represented by Attorney Ward as her court-appointed AAL, and therefore Attorney Drewry lacks authorization to bring this appeal on her behalf. In response, Appellants argue that (1) as Appellant Gaskin's attorney-in-fact and next of kin, Appellant Warner has the right to be involved in conservatorship matters and Appellee has waived the standing issue by failing to raise it in the trial court and (2) the trial court's order voiding the emergency conservatorship also voided the appointment of Attorney Ward as AAL and Appellant Gaskin asked Attorney Drewry to represent her. Attorney Ward filed a separate response, stating that Appellant Gaskin had not expressed either a desire to appeal the appointment of Appellee as conservator or an intent to seek other representation.

### III. ANALYSIS

We begin by addressing Appellee's motion to dismiss this appeal. Appellee's argument that both Appellants lack the authority to bring this appeal implicates our subject matter jurisdiction. Pursuant to the Tennessee Rules of Appellate Procedure, a notice of appeal must be filed within thirty days of entry of the order appealed from. Tenn. R. App.

P. 4(a). The timely filing of the notice is "mandatory and jurisdictional in civil cases." *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004). While Appellants filed their notice of appeal within thirty days of the trial court's final order, if they lacked the proper authority to do so, the notice becomes a nullity. And if Appellants' filing is rendered ineffective, no timely notice of appeal exists to confer jurisdiction upon this Court. *Cf.* *In re Est. of Lake*, No. W2019-01818-COA-R3-CV, 2020 WL 7365818, at *5 (Tenn. Ct. App. Dec. 15, 2020) (finding that the timely notice of appeal was ineffective to confer jurisdiction when neither signatory had authority to represent the deceased party under Tenn. R. App. P. 19(a)).

Turning to Appellee's argument that Appellant Warner lacks standing to bring this appeal, we note that this issue was not raised in the trial court. Generally, "a party may not raise an issue on appeal that was not raised in the trial court." *Jackson v. Burrell*, 602 S.W.3d 340, 344 (Tenn. 2020). Appellant Warner's involvement with this case stems from the very petition for conservatorship filed by Appellee in January 2024. *See* Tenn. Code Ann. § 34-3-104 (requiring the petition to state the name and mailing address of the closest relative of the person alleged to require a conservator). The statute does not limit the participation of those relatives, and standing requirements are not applied "so strictly" in conservatorship proceedings as in others. *In re Hess*, No. M2011-01561-COA-R3-CV, 2012 WL 3104917, at *1 (Tenn. Ct. App. July 31, 2012) (noting that the father of the ward was "not a party to the [conservatorship] proceeding because the statute does not contemplate or require that he be a party" but was "within the class of persons whose relationship to the proposed ward allows for him to be notified of the action and to participate in it").

Moreover, the statute is clear that "any person having knowledge of the circumstances necessitating the appointment of a conservator" may petition for the institution of a conservatorship. Tenn Code Ann. § 34-3-102. Here, Appellant Warner indeed filed a motion to be appointed as conservator for Appellant Gaskin on February 7, 2024. Thus, the trial court's February 14, 2024 order served to resolve competing petitions for appointment of a conservator. It feels somewhat absurd to say that the person whose petition was denied is without the ability to appeal that denial. Appellee offers no law regarding the implication of the statute's broad grant of standing, and we conclude that her argument regarding Appellant Warner's ability to bring this appeal is without merit. As only one effective notice of appeal is necessary to invoke an appeal as to all issues, *see* Tenn. R. App. P. 3(h), whether Attorney Drewry was authorized to bring this appeal on behalf of Appellant Gaskin is pretermitted as moot.

Unfortunately, while we conclude that this appeal is properly before this Court, we remain unable to review the merits of the case based on the state of the record. Critically, the trial court's February 14, 2024 order establishing the conservatorship for Appellant Gaskin does not contain sufficient findings as required by Tennessee Rule of Civil Procedure 52.01. That Rule states that "[i]n all actions tried upon the facts without a jury, the court shall find the facts specially and shall state separately its conclusions of law and

direct the entry of the appropriate judgment." Tenn. R. Civ. P. 52.01. We have previously held that the General Assembly's decision to require findings of fact and conclusions of law is "not a mere technicality." *In re K.H.*, No. W2008-01144-COA-R3-PT, 2009 WL 1362314, at *8 (Tenn. Ct. App. May 15, 2009). This requirement serves three essential functions:

> First, findings and conclusions facilitate appellate review by affording a reviewing court a clear understanding of the basis of a trial court's decision. Second, findings and conclusions also serve "to make definite precisely what is being decided by the case in order to apply the doctrines of estoppel and res judicata in future cases and promote confidence in the trial judge's decision-making." A third function served by the requirement is "to evoke care on the part of the trial judge in ascertaining and applying the facts."

*Lovlace v. Copley*, 418 S.W.3d 1, 34–35 (Tenn. 2013) (internal citations omitted). While no bright-line rule exists for testing the sufficiency of a trial court's factual findings, "the findings of fact must include as much of the subsidiary facts as is necessary to disclose to the reviewing court the steps by which the trial court reached its ultimate conclusion on each factual issue." *Id.* (quoting 9C Charles A. Wright et al., *Federal Practice and Procedure* § 2571, at 328 (3d ed. 2005)).

Respectfully, the February 14, 2025 order fails to provide any insight into the factual basis of the trial court's decisions. Instead, the order merely states:

1. [Appellee's] Motion to Disqualify Attorney for [Appellant] Warner should be granted pursuant to Tennessee Supreme Court Rule 3.7.
2. The Motion to Appoint [Appellant] Warner as Conservator should be denied.
3. That [Appellant Gaskin] has been properly served.
4. All persons entitled to notice of this proceeding have been properly notified.
5. That [Appellant Gaskin] is a resident of Tipton County, Tennessee.
6. That the [GAL] recommends that a Conservator be appointed as it is in the best interest of [Appellant Gaskin] and that [Appellee] should be appointed as Conservator of [Appellant Gaskin].
7. [Appellant Gaskin] is a person with a disability; owns property requiring supervision; and should have a conservator appointed.
8. That the Affidavit of Dr. Michael S. Craig is approved.
9. That [Appellee] is a fit and proper person to serve as the Conservator of the Person and Estate of [Appellant] Gaskin.

Of course, "[s]imply stating the trial court's decision, without more, does not fulfill [the Rule 52.01] mandate." *Gooding v. Gooding*, 477 S.W.3d 774, 782 (Tenn. Ct. App.

2015) (quoting ***Barnes v. Barnes***, No. M2011-01824-COA-R3-CV, 2012 WL 5266382, at *8 (Tenn. Ct. App. Oct. 24, 2012)). Without some explanation linking the evidence provided at the conservatorship hearing to the trial court's conclusions, we are "left to wonder on what basis the court reached its ultimate decision." ***In re K.H.***, 2009 WL 1362314, at *8 (quoting ***In re M.E.W.***, No. M2003-01739-COA-R3-PT, 2004 WL 865840, at *19 (Tenn. Ct. App. April 21, 2004)); *see also* ***In re S.S.-G.***, No. M2015-00055-COA-R3-PT, 2015 WL 7259499, at *12 (Tenn. Ct. App. Nov. 16, 2015) (noting that "it is the trial court's independent findings based on the evidence that are necessary for meaningful appellate review" and that "the court must go beyond mere summation by linking the evidence to its clearly stated findings of fact and conclusions of law").

In some circumstances, this Court may decide to soldier on to review the merits of an appeal despite the inadequacy of a trial court's findings of fact and conclusions of law. *See, e.g.*, ***Simpson v. Fowler***, No. W2011-02112-COA-R3-CV, 2012 WL 3675321, at *4 (Tenn. Ct. App. Aug. 28, 2012) (explaining that "when faced with a trial court's failure to make specific findings, the appellate courts may 'soldier on' when the case involves only a clear legal issue, or when the court's decision is 'readily ascertainable'" (internal citations omitted)). This solution involves "conducting a de novo review of the record to determine where the preponderance of the evidence lies." ***Lovlace***, 418 S.W.3d at 36. Yet here our ability to independently review the evidence in this case is frustrated by the lack of a transcript or statement of the evidence.

Under Rule 24 of the Tennessee Rules of Civil Procedure, the appellant is generally tasked with providing this Court with a transcript or statement of the evidence that is a "fair, accurate, and complete account of what transpired with respect to those issues that are the bases of the appeal." Tenn. R. App. P. 24(b). Tennessee law is clear that in the absence of a transcript or statement of the evidence, there is a conclusive presumption that there was sufficient evidence before the trial court to support its judgment. ***Brown v. Christian Bros. Univ.***, 428 S.W.3d 38, 48 (Tenn. Ct. App. 2013) (quoting ***Outdoor Mgmt., LLC v. Thomas***, 249 S.W.3d 368, 377 (Tenn. Ct. App. 2007)). The problem with application of this rule to the present matter, however, is that the conclusive presumption applies only "to the trial court's factual findings concerning proof presented at trial and not to the trial court's conclusions regarding issues of law." ***In re Est. of Kysor***, No. E2014-02143-COA-R3-CV, 2015 WL 9465332, at *4 (Tenn. Ct. App. Dec. 28, 2015) (citing ***In re M.L.D.***, 182 S.W.3d 890, 894 (Tenn. Ct. App. 2005)); *see also* ***Burris v. Burris***, 512 S.W.3d 239, 247 (Tenn. Ct. App. 2016) ("In the absence of a transcript or statement of the evidence, we conclusively presume that *the findings of fact* made by the trial court are supported by the evidence and are correct." (emphasis added)).

In short, the lack of proper findings of fact requires us to rely on the record to determine the preponderance of the evidence and the lack of a transcript or statement of the evidence requires us to rely on the trial court's factual findings to determine the preponderance of the evidence. The lack of both, then, prevents any meaningful review of

the merits of this appeal, as we are left without the means to discover the facts of this case or the role those facts played in the trial court's ruling. *Cf.* **Harthun v. Edens**, No. W2015-00647-COA-R3-CV, 2016 WL 1056960, at \*5 (Tenn. Ct. App. Mar. 17, 2016) ("It is this Court's purview to review, not assume or speculate."). When faced with a similarly deficient record, we emphasized that "the trial court's duty to make findings of fact and conclusions of law precedes the filing of an appeal and the duty to prepare the appellate record." **Hardin v. Hardin**, No. W2012-00273-COA-R3-CV, 2012 WL 6727533, at \*5 (Tenn. Ct. App. Dec. 27, 2012). Thus, an appellant's failure to file a proper transcript or statement of the evidence cannot be used to temper the repercussions of a trial court's insufficient order. *See* **id.**

Accordingly, the appropriate remedy is to "vacate the trial court's judgment and remand the cause to the trial court for written findings of fact and conclusions of law[.]" **Lake v. Haynes**, No. W2010-00294-COA-R3-CV, 2011 WL 2361563, at \*1 (Tenn. Ct. App. June 9, 2011); *see also* **Hardin**, 2012 WL 6727533, at \*6. Because the appointment of a conservator requires the consideration of the ward's best interest, which is necessarily a fact-intensive inquiry, **Crumley v. Perdue**, No. 01-A-01-9704-CH00168, 1997 WL 691532, at \*3 (Tenn. Ct. App. Nov. 7, 1997) ("In order to determine the best interests of a disabled person, the court must consider all the relevant facts."), the trial court may, in its discretion, hold a new hearing on this issue, if it concludes that a new hearing is warranted. In the interest of avoiding any unnecessary disruption to Appellant Gaskin's day-to-day affairs, the current arrangement shall remain in place pending further action by the trial court in this matter. All remaining issues are pretermitted.

## IV. Conclusion

The judgment of the Tipton County Chancery Court is vacated, and this matter is remanded to the trial court for entry of findings of fact and conclusions of law in compliance with Tennessee Rule of Civil Procedure 52.01. Costs of this appeal are taxed one-half to Appellants James Warner and Joan Perrett Gaskin, and one-half to Appellee Rachel Swaner, for all of which execution may issue if necessary.

s/ J. Steven Stafford
J. STEVEN STAFFORD, JUDGE